GEORGIA A. WORTHY, plaintiff in error, *vs.* H. G. TATE, defendant in error.

When a bill in equity was filed by Mrs. Worthy, alleging that she had purchased from Tate the premises in dispute, and having great confidence in him, had given him the deed and tax receipts thereto, at his request, which on her request to return, he said he had burned up, and the prayer of the bill was to cause said deed and tax receipts to be returned, and also to enjoin proceedings to eject her as the tenant of Tate, the former owner, under the provisions of the Code against tenants holding over. And she further presented her inability to give bond under the section of the Code requiring security with the counter-affidavit to arrest the proceedings under the warrant, etc., and the bill was demurred to and a motion made to dismiss it upon the ground that there was a complete remedy at law, and for want of equity, which motion to dismiss was sustained by the Court:

*Held,* Under the facts presented by the bill that this was error. There was equity in the bill as against Tate, to cause the delivery of the deed and tax receipts, and the provision for defense by counter-affidavit and bond under the 4007 section of the Code was not ample and complete, and the facts developed such a condition of alleged fraud and trust, as invoked the jurisdiction of equity.

Equity. Landlord and Tenant. Before Judge BIGBY. Troup Superior Court. November Term, 1869.

Worthy *vs.* Tate.

This cause is reported in the opinion.

B. H. Bigham, by T. H. Whitaker, for plaintiff in error.

Longley & Harris; N. J. Hammond & Brother, for defendant. The sole reply by tenant holding over is by counter-affidavit and bond: section 4005 *et seq.*, Revised Code. Tenant may not dispute the title of him under whom he took possession till possession is surrendered: 12 Georgia Report, 386; 29th, 506; 37th, 650; 39th, 381; Revised Code, section 2257.

Lochrane, Chief Justice.

This was a bill in equity filed by Mrs. Worthy, in which she alleges that in the year 1863, her husband, being then in life, bought from Horatio G. Tate certain land. The bill avers that her husband acted as trustee for her and her children, and that she paid for the property out of her own separate money. She further alleges that the defendant executed a deed to her for the premises in dispute for the sole and separate use of herself and children, in the presence of witnesses, whose names she sets out in her bill. Further she alleges that in 1865 Horatio G. Tate came to her house and asked to look over the papers and deed, and she delivered them to him, and that he carried off the deed and her tax receipts for the property, etc. She also avers her great confidence and trust in Horatio G., and that, afterwards, when she asked for the deed, he told her he had burned it up. She also alleges that she and her children had been in possession since the purchase. Subsequently Tate took out a warrant for possession for this property, to which she made a counter-affidavit, which was returned to the Superior Court, and the proceedings dismissed upon the ground of the insufficiency of the bond. And she sets out these facts, further alleging that she was unable to give bond on account of her

poverty, which was held to be unathorized under the provisions of the Code, and her defense dismissed.    This bill avers her inability to give bond on account of her poverty, etc. She prays an injunction restraining proceedings for her eviction.    She also asked for a perpetual injunction, and that Tate be compelled to deliver to her her title deeds and tax receipts, etc.

Upon the hearing, defendant's counsel moved to dismiss this bill upon the ground that there was a complete remedy at law, and that she could have set up all her alleged defenses at law, and because the proceedings were instituted against a tenant holding over, etc.    The Court sustained this motion and dismissed the bill, to which ruling and judgment, by the Court, she excepted, and the case is now before this Court upon exception to that judgment.

An important question lying at the foundation of this case arises under section 4007 of the Code.    When the landlord, under section 4005 of the Code, makes the required affidavit, the warrant or process issues to remove the tenant from the property; and to stay this summary proceeding, under the 4007th section, the tenant may prevent the removal by declaring, on oath, certain prescribed defenses, provided such tenant shall, at the same time, tender a bond with good security, payable to the landlord for the payment of such sum, with costs, as may be recovered against him on the trial of the case."    Waiving for the present the other averments of the bill, when the tenant, from poverty, is unable to give this bond, is there no other resource of defense left to prevent his removal ?    We can readily understand the intention of the Legislature in prescribing the bond as an essential to the arrest of the proceedings.    Parties insolvent may obtain possession of premises, and, under any pretext, hold them, by making a counter-affidavit without bond, if they are unable, from their poverty, to give it.    But this the law prevents.    A tenant must comply with the law, and tender his bond, with his counter-affidavit, within reasonable time.    The affidavit

is incomplete without the bond, and has no effect in arresting the process in the hands of the officer.  But while this is true, if there be any ground of equity interposition in the premises, and the party, by proper averments, sets up grounds which would render it unjust and inequitable to remove them by such warrant, we do not see why equity, upon a proper case made, should not enjoin the proceedings.  It would be a harsh construction of the law which would make the poverty of the party a reason for denying them justice.  Ordinarily, no Court would sanction an injunction to restrain these authorized proceedings by statute.  But if the tenant could show a defense, not within the statute or outside of it, or grounds within it, which by the bill showed that injustice would be done, we think it is within the sound discretion of the Chancellor to interfere with the process of the law by injunction and grant a hearing to the parties.

In the case at bar Mrs. Worthy sets up that she is the owner of the premises in dispute, and by the fraud of the defendant she has been deprived of her muniments of title. Even if she could have given the bond under the Code, she would not have had an adequate and complete remedy at law.  Her deed had been taken by the defendant.  Confiding, as the bill sets out, in him, she had given it to him, and she was entitled to go into equity for the purpose of compelling it to be delivered back to her.  We do not think that the original proceedings commenced at law by the defendant, and the fact that she could have set up her defense in that forum, ousted her of her right, under the facts of this case, to go into equity to restrain the proceedings commenced at law against her.

But it is contended, under the facts in this case, that the record shows originally Mrs. Worthy went into possession as the tenant of Tate, and cannot, therefore, set up her claim of title as against her landlord.  It appears, from the record, that at the time the original bill was presented to the Judge there was no judicial officer to take the usual verification,

and she appended to the bill interrogatories, taken in the previous proceedings, to exhibit to the Judge the truth of the allegations as sworn to in such interrogatories.   These interrogatories still constitute a part of the record, and by them it appears that she went into possession by rent in December, 1861, under contract for rent for 1862.   Taking these interrogatories as a part of the record for one purpose, we may properly regard them for other purposes, and they show the expiration of this term of rent and the purchase and possession under the claim of purchase and deed for some five years before the assertion of the landlord's right in the premises.   Does this case, upon the facts, present such a relationship of landlord and tenant as denies to the tenant the right to deny the landlord's title while in possession ?

It is proper to look at the facts stated upon which the relation is said to exist, and we hold that while the relation of landlord and tenant did exist in 1861 and 1862, the question is, did it continue to exist ?   And was it existing at the time of the institution of these proceedings ?   For while we recognise in its fullest extent the law to be that a tenant cannot deny his landlord's title while in possession under him, yet, if A rents land from B for one year, and at the end of the year sells to B, and makes him a deed to the land, the doctrine does not apply, for the relationship does not exist ; the contract of the parties has ended it.

Under all the facts in this case, we hold that the Court erred in dismissing the bill, and reverse the judgment.