## WIGGINS *v.* MIDDLETON *et al.*

This being an application to restrain the cutting of timber, and it not being alleged that the defendant was insolvent, and the allegations as to the character of the damage not being sufficiently specific to show that the damages would be irreparable, and there being no other equitable reason alleged for the granting of an injunction, and the abstract of title attached to the petition not being such as to conform to the requirements of the Civil Code, § 4027, the judge did not err in refusing to grant an injunction.

Submitted January 13, —Decided February 10, 1903.

Petition for injunction.  Before Judge Dart.  Wayne superior court.  August 22, 1902.

*Ernest Dart* and *Crovatt & Whitfield*, for plaintiff.

*F. E. Twitty, J. W. Poppell, J. D. Sparks,* and *Courtland Symmes,* for defendants.

Cobb, J.  Wiggins filed a petition for injunction against Middleton and another, the allegations being in substance as follows: Plaintiff had bought a described lot of land from one King and had entered into possession of the same, and the defendants, with-

out authority,. had entered upon the land and were engaged in cutting and carrying away the pine timber growing on the land. The land is chiefly valuable for the pine timber growing on it, and after the timber is cut the land will be "worthless almost," and the damage thus occasioned will be irreparable. The defendants have erected a sawmill upon the land, and are cutting and hauling the timber to the mill and manufacturing it into sawed lumber, though they are well aware that plaintiff holds and claims title to the land and timber. Notwithstanding this, they continue to trespass on the land without any authority or without any claim or title to any of the land or the timber growing thereon. The value of the timber already cut is $300, and defendants are continuing to cut and fell the same. The prayer of the petition was, that the defendants, their agents, and servants be enjoined from further cutting the timber, and that plaintiff have judgment for his damages. By amendment it was alleged, that King was an heir at law of Kriser, having acquired title to the land in controversy by inheritance from Kriser; that Kriser died seized and possessed of the title to the land, and upon his death title vested in his "heirs at law," and that King is "an heir at law of said estate." Attached to the amendment was an abstract of title as follows: Grant from the State to J. C. Watkins, dated November 4, 1834, conveying one thousand acres of lot No. 10; warranty deed from N. Hawkins, "original grantor, as shown from record," to Peter J. Williams, dated December 29, 1836, recorded January 3, 1838; warranty deed from Peter J. Williams to Thomas Taylor, dated December 29, 1836, recorded March 12, 1874; warranty deed from Thomas Taylor, dated April 3, 1883, to Emma A. Wakeley, recorded October 10, 1884; warranty deed from Emma. A. Wakeley to Daniel Kriser, dated September 15, 1884, and duly recorded. At the hearing the defendants showed cause against the granting of the injunction, by presenting both a demurrer and an answer. The demurrer was based upon several grounds, among them being that the petition set forth no cause of action, and that the abstract of title attached to the petition showed upon its face that plaintiff was not entitled to recover thereon. The judge refused to grant an injunction, and the plaintiff excepted.

It is not necessary at this time to determine whether the allegations of the plaintiff's petition were sufficient to authorize a.

recovery of damages for past trespasses; the sole question now involved being whether these allegations were such as to authorize the grant of an injunction against future trespasses.  The judge of the superior court has no authority to grant an injunction to restrain the cutting of timber, unless it is shown that the damages would be irreparable, or that the trespasser is insolvent, or that the plaintiff has a perfect paper title to the premises upon which the trespass is being committed, or that there are other circumstances which would render the grant of an injunction proper.  There is no allegation in the petition that the defendants are insolvent. The allegation that the damages would be irreparable is too general to authorize the grant of an injunction on this ground.  See, in this connection, *Camp* v. *Dixon*, 112 *Ga.* 872.  It is not claimed that there are any other special equitable reasons which would make it proper to grant an injunction in this case.  It therefore remains to be determined whether the plaintiff has brought himself within the rule laid down in the Civil Code, § 4927, in reference to applications to enjoin the cutting of timber.  To bring himself within that rule it is necessary that the abstract of title should show that the plaintiff has a perfect paper title which is capable of being recorded; and if the papers do not show upon their face a perfect title, aliunde evidence will not be admitted to explain the defects in the title.  *Dixon* v. *Monroe*, 112 *Ga.* 158; *Jenkins* v. *Carmen*, Id. 476; *Morgan* v. *Baxter*, 113 *Ga.* 144; *Gillis* v. *Lumber Co.*, Id. 622.  When we examine the abstract of title relied on by plaintiff, in the light of this rule, it is apparent that it fails to comply with the same in several particulars.  The first link in the chain of title is a grant from the State to J. C. Watkins, and the next link is a deed from N. Hawkins to Peter J. Williams.  There is nothing to connect the title of Hawkins with the title of Watkins.  There is nothing to connect the title of King with the title of Kriser; and it would be necessary, in order to establish the allegations of the petition, for the plaintiff to prove aliunde that King, under whom he claims, was an heir at law of Kriser.  Without reference to whether the petition set forth a cause of action for the recovery of damages for past trespasses, it is clear that it did not authorize the grant of an injunction.

*Judgment affirmed.  By five Justices.*