### STONECIPHER *v.* WILSON *et al.*

This was an application to restrain the cutting of timber, based upon the grounds that the defendants were insolvent, and that the damages would be irreparable. No other equitable reason for granting an injunction was alleged, nor was there anything in the petition which would bring it within the provisions of the timber cutter's act, embraced in the Civil Code, § 4927. *Held,* that, the evidence being insufficient to show that the damages would be irreparable, and there being a conflict in the evidence as to whether the defendants were able to respond in damages, the discretion of the trial judge in refusing to grant an injunction will not be controlled.

Argued May 25, — Decided June 10, 1904.

Petition for injunction. Before Judge Fite. Cherokee superior court. March 2, 1904.

*W. E. Mann,* for plaintiff.

*Shumate & Maddox* and *R. J. & J. McCamy,* for defendants.

COBB, J. This was an application to restrain the cutting of timber. The judge refused to grant an injunction, and the plaintiff excepted. The application was based only upon the grounds that the defendants were insolvent, and that the damages alleged would be irreparable. There was no other equitable reason alleged for the granting of the injunction; nor was there any attempt on the part of the pleader to bring the case within the provisions of the timber cutter's act embodied in the Civil Code, § 4927. The petition alleged that the plaintiff was the owner of the land, but no abstract of title of any character was attached to the petition. The right of the plaintiff to an injunction depended, therefore, upon whether it was established to the satisfaction of the judge either that the defendants were insolvent, or that the damages would be irreparable. The evidence at the hearing was not of such a character as to authorize a finding that the damages would be irreparable. The petition alleged that the defendants were not able to

respond in damages. This was denied in the answer. The only evidence before the judge on the subject of insolvency was the verified petition and the verified answer. As there was a direct conflict on this vitally material point, the discretion of the judge in refusing to grant the injunction will not be controlled. See, in this connection, *Wiggins* v. *Middleton*, 117 *Ga.* 162.

*Judgment affirmed. All the Justices concur.*