## STONER *v.* PATTEN.

When, on the interlocutory hearing of an equitable petition to enjoin an alleged unlawful diversion of a stream of water which furnishes to the plaintiff his only unfailing water supply, the judge, upon conflicting evidence, reaches the conclusion that the plaintiff has established his right to an injunction, the same should be granted without qualification, when the evidence shows that the damages which he may suffer will be incapable of ready computation and ascertainment; for in such a case a bond given by the defendant to answer for any recovery of damages which may' be had against him can not afford adequate protection to the plaintiff.

Argued December 19, 1905.—Decided January 13, 1906.

Injunction.   Before Judge Wright.   Floyd superior court. September 27, 1905.

W. B. Stoner filed his petition against Z. C. Patten and Reuben Lusk, to enjoin the diversion of a certain stream of water.   It appeared, from the allegations of the petition, that Stoner is the owner of a portion of lot No. 70 in the 9th district and 4th section of Walker county, Ga., and Mrs. Carrie Powell owns lot No. 71, on which is a spring, the waters from which flow down upon and through the property of petitioner, furnishing him and his tenants with a never-failing water supply, which is used for domestic pur-

poses. The defendant Patten, claiming the right under Mrs. Powell, has constructed a pipe line from this spring to his dwelling-house for the purpose of conveying the waters of the spring to his premises. He has constructed a "catch-basin" upon her land, with a view to conveying the waters therefrom by means of pipes to his dwelling, and intends to make an unlawful diversion of the waters from the natural course or stream whereby they are transmitted to the land of petitioner, to his irreparable injury and damage. Patten is a non-resident, and his codefendant, Lusk, is, as petitioner is informed and believes, insolvent.

Patten filed an answer, in which he admitted that under a contract with Mrs. Powell, the owner of lot No. 71, he had entered upon her premises, and had by blasting discovered a stream of water above the Powell spring; but he averred that the waters of this stream, if indeed they entered the spring from which petitioner claims he obtains his source of supply, did so by percolation and seepage merely, and not through any well-defined subterranean passage or channel. He further averred that the waters flowing from the Powell spring had no such passage or channel through which they were conveyed to the premises of petitioner; and that if any of the waters from that spring passed to his land, they did so only in cases of overflow, and by percolation, and not by means of any surface or subterraneous stream. Patten admitted that he was constructing a pipe line for the purpose of supplying his residence, then in course of construction, and that the waters thereby conveyed would not be turned back upon petitioner's land. He also averred his solvency and ownership of the property in Walker county, and that his codefendant was only his employee and had no interest whatever in the controversy.

On the interlocutory hearing, the evidence was conflicting as to whether there was any subterranean connection between the stream from which Patten proposed to get his water supply and the stream from which the plaintiff claimed to have derived his supply; and, if so, whether there was a well-defined channel through which the waters emerging upon the Powell land were transmitted to the premises of petitioner. The non-residence of Patten was not controverted, nor was his ownership of property in Walker county denied. The court passed an order dissolving the temporary restraining order previously granted, on condition that Patten would

give bond in the sum of $1,000, obligating himself to pay to the plaintiff such recovery as he might obtain in any suit thereafter instituted to recover damages by reason of the diversion of water alleged in his petition, occurring within one year from that date (September 27, 1905). Stoner sued out a bill of exceptions, alleging error in the refusal of the court to grant the injunction as prayed, instead of permitting a bond to be given in avoidance of the restraining order; and Patten sued out a cross-bill of exceptions, complaining that the court erred in requiring him to file a bond, and in not revoking unconditionally the restraining order theretofore passed.

*Payne & Payne,* for plaintiff.

*Williams & Lancaster,* by *Z. D. Harrison,* for defendant.

EVANS, J. (After stating the facts.) Generally an underground stream of water may be diverted without liability to a proprietor whose land it might reach in its natural and ordinary course; yet, where it has once emerged and afterwards sinks, if its exact course can be traced to where it emerges again, so as to render it certain that it is the same water, the proprietor of the surface at the latter point will be protected in its use, the same as if it were not a subterranean stream. *Saddler* v. *Lee,* 66 *Ga.* 45, construing the provisions of section 3019 of the Code of 1873, now embraced in the Civil Code, § 3880. There was a sharp conflict as to whether the stream of water which Patten seeks to divert is the same as that from which water emerges upon the surface of the plaintiff's land. There was also some conflict as to whether the water flowing over the surface of the plaintiff's land was in point of fact used for domestic purposes, as claimed by him. Unless it was the same stream of water, Patten had the undoubted right to the use of the water emerging at the point on Mrs. Powell's land where he proposed to connect his pipe line, and could, with her consent, divert it from its natural course, so far as the plaintiff was concerned. On the other hand, if one and the same stream flowed beneath the surface of both the Powell tract and that owned by the plaintiff, and its course was well defined and could be traced with certainty, then Patten would have no more right to divert it from the plaintiff's land than he would if the stream flowed continuously upon the surface. In the latter instance, if the water was the only unfailing supply which

could be used by the plaintiff or his tenants for domestic purposes, the damages caused by its unlawful diversion would be irreparable, because incapable of ascertainment and exact computation, and the restraining order should not have been dissolved upon the giving of a bond. *Woodall* v. *Cartersville Mining Co.*, 104 *Ga.* 156. Before the judge would have been authorized to grant even a conditional injunction, he would necessarily have had to reach the conclusion from the evidence that it was the same stream, though running partly underground, which furnished a common supply of water to both the plaintiff and the defendant, and that the damages resulting from a diversion of the water would prove irreparable. The mere fact that Patten was a non-resident would not entitle the plaintiff to equitable interference. *Morgan* v. *Baxter*, 113 *Ga.* 144. It appeared both from the pleadings and the evidence that Patten had sufficient property located in Walker county to meet any recovery of damages which might be obtained against him; and we are bound to assume that the judge would not have undertaken to afford the plaintiff relief upon the ground of the non-residence of Patten, unless it was further made to appear that he had in this State no property which could be subjected to the satisfaction of a judgment against him. Since the evidence warranted a finding in favor of the plaintiff upon the issue which was really the only point the judge was called on to determine, we are not prepared to hold that he erred in not revoking unconditionally the restraining order; but as the giving of a bond will afford the plaintiff no substantial protection, in the event he sustains damages which are incapable of computation, we are of the opinion that the judge should, if he thought the granting of an injunction was proper, have granted it unconditionally.

*Judgment on main bill of exceptions reversed; on cross-bill affirmed. All the Justices concur.*