## WETHINGTON *v.* BAXTER & COMPANY.

Where an equitable petition was filed for the purpose of enjoining the cutting of timber, and on an interlocutory hearing it was shown that the damages which the plaintiff would suffer would be irreparable and incapable of ascertainment and computation, if the presiding judge reached the conclusion that the plaintiff had established his right, it was error to allow the injunction or restraining order to be dissolved upon the giving of a bond by the defendant to answer for any recovery which the plaintiff might have upon the final trial. In such a case the bond would not afford adequate protection to the plaintiff.

Submitted January 16,—Decided February 19, 1906.

Petition for injunction. Before Judge Parker. Clinch superior court. October 21, 1905.

*Wilcox & Patterson,* for plaintiff.

*Toomer & Reynolds,* for defendant.

LUMPKIN, J. 1. Wethington filed his equitable petition against Baxter & Company, seeking to enjoin them from cutting timber on certain land. He alleged that he had a perfect title by chain from the State, and attached an abstract to his petition. In addition to this he also made the following allegations in regard to the irreparable nature of the damages which would ensue, and with reference to the financial condition of the defendant: "That the timber now standing and being upon that part of said lot uninclosed constitutes the chief value thereof, and that it varies in size and distribution upon the lot; and if the defendants are permitted to cut, remove, and utilize the same, plaintiff will, after the same has been cut and carried away, be without any adequate means of ascertaining the exact quantity of lumber manufactured therefrom, and will thus be deprived of any knowledge of the extent of his injury. That the said defendants are not possessed of sufficient means, clear of incumbrances, above their other liabilities and the amount allowed under the homestead exemption laws of said State, or otherwise financially able to respond in damages to plaintiff aforesaid." The answer of the defendants denied that the plaintiff owned the land, and asserted ownership thereof. It admitted their intention to cut and manufacture for their own benefit all the timber on the land in controversy. It further denied inability to respond in damages. In answer to that portion of the petition in respect to the irreparable character of the injury and the difficulty in com-

puting the damages which would result from cutting the timber, the defendants admitted the statements of the petition, "except the implied allegation of the fifth paragraph, that cutting the timber on the lot of land would result in injury to the petitioner." On the hearing the plaintiff introduced a chain of title from the State of Georgia to himself. Objection was made by the defendants to the introduction of several of the instruments constituting parts of this chain. The presiding judge made no ruling upon their ad-. missibility, but let them in, stating that he would consider the objections "with the other issues involved." The plaintiff also amended his petition by alleging that he had a good prescriptive title, and introduced an affidavit in support of that contention. In regard to the irreparable nature of the damages which would accrue to him if injunction were not granted, and the difficulty of computing them, he stated as follows: "Affiant further swears that the timber on the lot claimed by him is indispensable in keeping his plantation and buildings in repair, and that he has no available timber other than that claimed, and the small timber on the other two lots described, that can be used for this purpose. That the timber upon that part of the lot in dispute, uninclosed, constitutes the chief value of the lot, and in view of the fact that it varies in size and distribution, it will, when cut and carried away, be impossible to ascertain the exact quantity of lumber manufactured therefrom. That the damages sustained will not be capable of exact computation and can not be accurately and completely measured in money." The defendants objected to the allowance of the amendment, and also to the admission of the affidavit of the plaintiff above referred to; but their objections were overruled, and no exception was taken to the rulings in regard to them. The defendants introduced a counter-chain of title under which they claimed, but made no denial of the evidence contained in the plaintiff's affidavit. The presiding judge granted an order to the effect that the restraining order should be dissolved and the defendants allowed to cut the timber upon giving a bond to the plaintiff in the sum of $500, conditioned to pay the plaintiff any judgment he might recover at the final trial of the case. To this judgment the plaintiff excepted, and assigned error in the provision of the order allowing the defendants to dissolve the restraining order upon giving bond.

The order which the presiding judge passed showed that he thought the plaintiff was entitled to some protection. Had he been of the opinion that the plaintiff was without title, he would have doubtless refused the injunction unconditionally. The order which he granted, in effect, continued the injunction of force unless the defendants would give the bond. In other words, he substantially held that the plaintiff was entitled to have an injunction or a bond. The evidence that the damages would be irreparable and incapable of ready computation and ascertainment was undisputed, and the allegation in the petition to this effect was practically not denied. Under such circumstances, if the plaintiff is entitled to an injunction at all, permitting the defendant to give a bond and dissolve it does not afford the plaintiff adequate protection. *Stoner* v. *Patten, ante,* 754. On the subject of irreparable damages which will authorize an injunction, see *Camp* v. *Dixon,* 112 *Ga.* 872, 876-881, and cit.; *Murphey* v. *Harker,* 115 *Ga.* 77; *Gillis* v. *Hilton & Dodge Lumber Co.,* 113 *Ga.* 622; *Wiggins* v. *Middleton,* 117 *Ga.* 162; *Enterprise Lumber Co.* v. *Clegg,* 117 *Ga.* 901; *Stonecipher* v. *Wilson,* 120 *Ga.* 466; *Saint Amand* v. *Lehman,* 120 *Ga.* 253; *Huxford* v. *Southern Pine Co.,* 124 *Ga.* 181. If injunction is granted under what is known as "the timber cutter's act," provision in respect to requiring bond of the plaintiff is stated in the Civil Code, §4927.      *Judgment reversed. All the Justices concur.*