## HART *v.* LEWIS, SHORE & COMPANY.

Where, on the interlocutory hearing of an equitable petition to enjoin a trespass, the judge upon conflicting evidence reaches the conclusion that the plaintiff has established a right to an injunction, the same should be granted without qualification, when the evidence shows that the damages he may suffer will be incapable of ready computation and ascertainment; for in such a case a bond given by the defendant to answer for any damages which may be had against him can not afford adequate protection to the plaintiff.

Submitted July 16,—Decided August 9, 1906.

Petition for injunction. Before Judge Mitchell. Brooks superior court. April 14, 1906.

On March 7, 1906, Mrs. Mattie Hart filed her petition against Lewis, Shore & Company, a partnership, alleging that she was the owner of a described parcel of land, and that the defendants without authority were proceeding to cut the timber thereon. She prayed that the trespass about to be committed be enjoined. It was averred, that D. W. Hart died in possession of the land, leaving S. E. Hart and T. H. Hart as his only heirs at law; that they agreed that S. E. Hart should have a life-estate in the land, and T. H. Hart a remainder in fee; and that on October 26, 1888, they executed a "deed of division" to this effect. On March 22, 1897, T. H. Hart conveyed his interest in remainder to the plaintiff. S. E.

Hart was in adverse possession of the land until her death in 190—, when plaintiff went into possession, and is still in possession.  The 6th and 7th paragraphs of the petition were in the following language:   (6) "That since your petitioner has been in possession of the property she has greatly improved and enlarged the plantation, buildings, and other improvements on said tract of land; that she has at this time enclosed and in a good state of cultivation at least one hundred acres of land, besides the buildings herein above described; and she alleges that the timber on said lot, which the defendants are threatening to remove, is indispensable in keeping her plantation and buildings in repair, and that she has no other available timber that can be used for that purpose; and that if she is deprived of the use of the timber for the purpose aforesaid, her farm will of necessity depreciate in value, and the damages arising therefrom will be incapable of exact computation."  (7) "That the timber upon that part of the tract of land uninclosed constitutes its chief value; and inasmuch as it varies in size and distribution, it will when cut and carried away be impossible to ascertain the exact quantity of lumber manufactured therefrom, and your petitioner will be without means of arriving at the extent of her loss; and for this reason her injury and damage can not be accurately and completely measured in money."  It was alleged that the defendants were insolvent.  The judge granted a restraining order, and set the case down for a hearing.  The defendants filed a demurrer, setting up that the petition set forth no cause of action, that the facts alleged afforded no basis for the interference of a court of equity, and that it did not appear that the plaintiff had a perfect paper title within the meaning of the Civil Code, § 4927.  The defendants in an answer denied every averment in the petition, and alleged, that S. E. Hart had granted a lease to Fender of all the timber on the land suitable for sawmill and turpentine purposes, and by a series of transfers defendants had acquired all the rights under this lease; that the lease to Fender had been negotiated by T. H. Hart, who was the agent of both S. E. Hart and plaintiff, that plaintiff was cognizant of all the negotiations, that she aided in inducing Fender to take the lease, and that she is therefore estopped to assert her title to the timber against Fender and those claiming under him.  There was a prayer that the defendants be permitted to continue the cutting of the

timber upon giving bond to answer any damages the plaintiff might suffer. The judge passed an order that the restraining order be dissolved upon defendants giving a bond in a named amount, to pay whatever judgment the plaintiff recovered against them. To this order the plaintiff excepted.

*Wilcox & Patterson,* for plaintiff.

*L. W. Branch* and *Stanley S. Bennet,* for defendants.

Cobb, P. J. (After stating the foregoing facts.) The application was not under the timber cutters act (Civil Code, § 4927); nor did the evidence authorize an injunction upon the ground that the defendants were insolvent. The evidence did authorize a finding that the plaintiff was the owner of the land and timber by prescription. It also appeared that both plaintiff and defendants claimed under a common grantor. *Brundage* v. *Bivens,* 105 *Ga.* 805. The allegations of the petition and the evidence were sufficient to show that the injury would be irreparable. Damages would not adequately compensate the plaintiff for the threatened wrong. *Massee-Felton Lumber Co.* v. *Sirmans,* 122 *Ga.* 297; *Gray Lumber Co.* v. *Gaskin,* 122 *Ga.* 342; *Camp* v. *Dixon,* 112 *Ga.* 872, and cit.; *Huxford* v. *Southern Pine Co.,* 124 *Ga.* 181. The judge must have reached the conclusion that the plaintiff was entitled to an injunction. Upon no other theory would the requirement of a bond by the defendant be authorized. When this conclusion was reached it necessarily involved a finding that damages would not compensate for the threatened wrong. It was therefore erroneous to allow the defendants to continue the trespass upon giving a bond, thus remitting the plaintiff to a remedy which was not adequate. The evidence authorized a finding for either party; but when there was a finding on the facts in favor of the plaintiff, the injunction should have been granted unconditionally. *Stoner* v. *Patten,* 124 *Ga.* 754; *Wethington* v. *Baxter,* 124 *Ga.* 1024.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*