### ZORN *v.* MURRAY.

LUMPKIN, J. 1. While the petition in this case may have set out an equitable cause of action (*Worthy* v. *Tate,* 44 *Ga.* 152; *Gilmore* v. *Wells,* 78 *Ga.* 187; *Brooks* v. *Stroud,* 111 *Ga.* 875; *Brown* v. *Bonds,* 125 *Ga.* 833), yet under the evidence, especially that tending to show that the petitioner had attorned to the defendant as his landlord, and had given and paid notes for the rent of the premises involved in the controversy, there was no abuse of discretion on the part of the presiding judge in

refusing an injunction to prevent the landlord from proceeding to dispossess him as a tenant holding over, even if the evidence might have authorized him to grant it, and to consolidate the different suits under the equitable petition. *Brown* v. *Bonds,* supra; *Bullard* v. *Hudson,* 125 *Ga.* 393; *Willis* v. *Harrell,* 118 *Ga.* 906; *House* v. *Oliver,* 123 *Ga.* 784.

2. The case of *National Bank* v. *Carlton,* 96 *Ga.* 469, did not involve any question of landlord and tenant.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

Submitted July 18, 1906.—Decided January 17, 1907.

Petition for injunction. Before Judge Spence. Turner superior court. April 10, 1906.

*H. C. McKenzie* and *Whipple & McKenzie,* for plaintiff.

*James H. Pate,* for defendant.