STEWART & BROTHER v. DAVIS-SEARS LUMBER CO.

HOLDEN, J.   Where, on the interlocutory hearing of an equitable petition to enjoin the cutting of timber to which the plaintiffs claimed title, the order of the court provided "that the application for temporary injunction be and the same is denied, and further that the temporary restraining [order] granted on the 27th day of Feb., 1908, be and the same is hereby revoked.  Provided, however, that defendants give bond in the sum of seven hundred and fifty dollars, conditioned to pay the plaintiffs any damages they may sustain by reason of the cutting of the said timber, in the event the plaintiffs shall finally recover in said cause.   Said bond to be approved by the clerk of Coffee Superior Court;" held:

(a)  A proper construction of such order is that the interlocutory injunction was granted unless the defendants gave the bond specified.

(b)  Where the sole ground upon which injunction was sought was that the cutting of the timber was constantly recurring and defendants threatened from day to day to cut the timber until it was all cut and removed, and injunction was asked only because of its necessity in order to avoid a multiplicity of suits for damages for such alleged trespasses; and where the evidence was sufficient to authorize the conclusion that such cutting was being done and threats made as alleged, and there was no allegation or proof as to the financial condition of defendants, the court must have decided that the plaintiffs were entitled to an injunction and granted the same on the ground that it was necessary to avoid such multiplicity of suits.

(c)  As the court decided that the plaintiffs were entitled to an injunction in order to avoid such multiplicity of suits, it was error to grant it upon condition of the failure of the defendants to give the bond required; as the giving of such bond would not avoid the necessity for such multiplicity of suits.  *Hart* v. *Lewis*, 126 *Ga.* 439 (55 S. E. 189); *Stoner* v. *Patten*, 124 *Ga.* 754 (52 S. E. 894); *Wethington* v. *Baxter*, 124 *Ga.* 1024 (53 S. E. 505).

*Judgment reversed.  All the Justices concur, except Fish, C. J., and Lumpkin, J., dissenting.*

Submitted July 25, 1908,—Decided February 26, 1909.

Petition for injunction.  Before Judge Parker.  Coffee superior court.  April 18, 1908.

*Charles T. Roan* and *F. Willis Dart,* for plaintiffs.

*Wilson, Bennett & Lambdin,* for defendants.

LUMPKIN, J.  I am unable to agree with the majority of the court in this case; and their ruling takes so distinct and, I think, serious a step forward in the field of injunctions that I feel constrained to dissent.  I differ with them in three particulars,—two of a technical character, the third substantial.

1.  They hold that "A proper construction of such order [i. e.

the order set out in the first part of the headnote] is that the interlocutory injunction was granted unless the defendants gave the bond specified." I think that a proper construction of the order was not the grant of an injunction, to be dissolved on giving bond, but a denial of the injunction upon giving the bond. The difference may seem to be verbal and technical; but the consequences of the difference are very serious. The plaintiffs except here and assign error in the order, because contrary to law and equity, and "that the court erred in not granting the temporary injunction as prayed by plaintiffs in their petition." The plaintiffs therefore excepted to the denial of the injunction. If the proper construction of the order is that stated by the majority of the court, there has been no denial of it, but a grant unless upon the giving of a bond by the defendants; and as there is nothing in the record to show that any such bond has been given, the injunction has not been denied, and the plaintiffs in error have no standing in court. Until the injunction has been denied, no exception will lie to such denial.

2. The plaintiffs in error (aside from excepting to the making of a party defendant, and the admission of certain evidence) assigned error upon the order passed by the judge, on the ground that it was "contrary to law and equity and the evidence in said case, and that the court erred in not granting the temporary injunction as prayed by plaintiffs in their said petition." This raises the question whether under the evidence introduced and the law applicable thereto the presiding judge erred in refusing an injunction. It does not make the distinct point that the judge was of the opinion that an injunction should have been granted, but allowed a bond to be given as a substitute therefor, and that this was erroneous; nor does it make the distinct point on which the majority of the court base a reversal, namely, that "as the court decided that the plaintiffs were entitled to an injunction in order to avoid such multiplicity of suits, it was error to grant it upon condition of the failure of the defendants to give the bond required; as the giving of such bond would not avoid the necessity for such multiplicity of suits." In each of the cases cited by the majority of the court a direct assignment of error was made upon the allowing of the bond to be given, and thus the distinct question was made as to the propriety of accepting the bond in lieu of granting

an injunction, and whether this was proper under the facts of the case. There is no such assignment of error here.

3. In the cases cited, under proper assignments of error raising distinctly the question of the propriety of allowing a bond in lieu of an injunction, it was held that, under the facts of those cases, a bond did not furnish an adequate remedy, and was not a sufficient substitute for an injunction. In each of them, however, the damage which would be done was irreparable, being destructive of the freehold of the property of the plaintiffs, or of a character which could not be reasonably estimated or determined. If the amount of damage which will be done is incapable of computation, or is irreparable in its nature, and the plaintiff is entitled to an injunction, of course a bond is no proper substitute for it. If damages could not be calculated, so as to fix their amount and authorize a recovery, a bond to pay them would be of little or no benefit. Or, if damages were irreparable, a bond to pay damages in the effort to repair them would likewise be an inadequate substitute for injunction, if the plaintiff otherwise had a right to it. Thus the cases cited rested on the idea that it was apparent that the presiding judge thought the plaintiffs were entitled to protection; but the damages which would accrue being irreparable or not reasonably subject to calculation, this court was of the opinion that a bond was not a sufficient substitute for an injunction; and in them the allowance of the bond was made a distinct subject of exception. It has never been held that the mere fact that the plaintiff at his option might bring several suits or might sue for the entire damage at once made such a case of irreparable or incalculable damage as was involved in the cases to which reference has been made. Multiplicity, especially necessary multiplicity of suits, may furnish one ground for equitable interference, but the mere fact that the plaintiff may, at his option, bring several suits instead of one has not yet been held to confer upon him an absolute right to an injunction, regardless of any other circumstances. Nor has it been held that if the judge, under the evidence, denies an injunction, but deems it best in his discretion to require the defendant to give a bond, by reason of that fact alone he commits an error in not granting an injunction. It would be singular if a judge must in all cases, except one involving a distinct issue of solvency or insolvency, grant or refuse the injunc-

tion prayed, without requiring any bond; and it would also be singular to hold generally that he errs ipso facto by making such a requirement of one of the parties. It often happens that in cases before a judge there is no distinct proof of insolvency, but from the character of the business conducted by the parties, their habits of life, or other circumstances, it may seem desirable to him not to leave their personal solvency to stand alone as a security for possible damages, and in his discretion he may require a bond to be given for the more perfect safety and protection of the adverse party. But I can not concur in the idea that, if he does so, he must necessarily be reversed for that reason alone, on the theory that he thereby grants an injunction but allows a bond to be substituted in its place, and that this is erroneous merely because the plaintiff may be entitled to bring more than one suit for damages. Especially do I think that such is not the case where the point was not distinctly raised in the bill of exceptions, so that the presiding judge might have an opportunity for correcting it or stating the facts which might throw light upon the point raised. Sometimes the judge requires a complainant to give a bond to answer any damages which may accrue to the defendant by reason of the injunction. By a parity of reasoning with that applied by the majority of the court, shall it be said in such cases, under a general assignment of error upon the grant of the injunction, that the action of the court, properly construed, was a refusal of the injunction unless upon the giving of a bond by the plaintiff, and that therefore ipso facto the court erred, regardless of whether or not the damages which might accrue might be irreparable or incalculable?

The controversy here is not between a landowner and a mere trespasser without claim; nor between one who desires to preserve trees forming part of the freehold from destruction and a trespasser proceeding to destroy them. It is a controversy between two sets of lumbermen as to their respective rights under rival conveyances from the same source, one conveying the land with certain specified exceptions as to standing timber, and the other claiming the timber in controversy under a timber lease. Each of the parties is proceeding to cut. It is not a question of saving property from injury or destruction, but one as to which party, under

the evidence, has the right to cut the trees. It does not stand on the same basis as the cases cited.

I am authorized to state that Chief Justice Fish concurs in the views above expressed.

ATKINSON, J. (specially concurring.) The petition was for a restraining order and injunction. The evidence was sufficient to authorize the grant of that relief. A bond was not sought, nor was a requirement of bond adequate protection against the wrongs of which complaint was made. The refusal of the relief prayed, being put upon the condition expressed in the judgment that the defendant should execute bond, involved a finding by the judge in favor of the grant of the injunction. Such being the finding, injunction should have been ordered as prayed, rather than refused on condition that bond be given.