## BROWN *v.* COLE.

EVANS, P. J. The plaintiff sought to enjoin the defendant from prosecuting a distress warrant and also a warrant to dispossess him as a tenant holding over, on the ground that he was a purchaser of the land and not a tenant, and was unable to give the statutory bond to prevent his dispossession as a tenant holding over. The defendant in his answer admitted that the plaintiff went into possession of the land as a purchaser, but averred that he had not paid any of the purchase-money, and that subsequently he had attorned to the defendant, and that the rent was past due. On a motion to dissolve the restraining order, the court, after hearing evidence, passed an order dissolving the temporary restraining order unless the plaintiff gave bond conditioned to pay to the defendant the rent. If the plaintiff failed to give this bond, then, upon the defendant's giving bond conditioned to pay the plaintiff such damages as may be assessed on the final trial, the defendant was awarded possession of the land until the further order of the court, and the sheriff was directed to place him in possession. *Held:*

1. There was no abuse of discretion in dissolving the temporary restraining order upon the plaintiff's failure to give bond. *Zorn* v. *Murray,* 127 *Ga.* 389 (56 S. E. 454).

2. That, although it would be the duty of the sheriff to proceed to execute the dispossessory warrant, as provided by the statute, upon the failure of the plaintiff to give the bond required by the order, it was error for the court to grant a mandatory order ejecting the plaintiff from the land, and putting the defendant in possession. *Kerr* v. *Black,* 137 *Ga.* 832 (74 S. E. 535). Accordingly, the judgment refusing an injunction is affirmed, with the direction that the order be modified by vacating that part of it directing that the defendant be put in possession of the land upon the terms indicated in the order.

  *Judgment affirmed, with direction.    All the Justices concur.*
                    JULY 11, 1912.

28

Petition for injunction.    Before Judge Fite.    Dade superior court.    March 20, 1912.

*J. P. Jacoway* and *Foust & Payne*, for plaintiff.

*H. P. Lumpkin, Sam P. Maddox,* and *W. U. Jacoway,* for defendant.