STEWART & BRO. *v.* DAVIS-SEARS LUMBER CO. *et al.*

Under the evidence the court did not err in granting a nonsuit.

AUGUST 16, 1916.

Equitable petition.   Before Judge Summerour.   Coffee superior court.   February 2, 1915.

*F. Willis Dart,* for plaintiffs.   *Wilson, Bennett & Lambdin* and *Dickerson, Kelley & Roberts,* for defendants.

HILL, J.   This case was here on a previous occasion.   *Stewart v. Davis-Sears Lumber Co.,* 132 *Ga.* 205 (63 S. E. 817).   W. W. Stewart & Brother brought an equitable petition against the Davis-Sears Lumber Company and B. H. Tanner, praying injunction and damages for cutting, removing, and otherwise interfering with the timber on lands claimed by the plaintiffs.   Upon the conclusion of the evidence for the plaintiffs, the court sustained the defendants' motion to grant a nonsuit, and dismissed the action.   To this judgment the plaintiffs excepted on the ground that they had made out a prima facie case, and that the evidence should have been submitted to the jury impaneled to try the case.

The plaintiffs claimed title to the land involved under deed from B. H. Tanner, executed and delivered to them on January 1, 1907. Tanner derived title from D. S. Wall on November 24, 1905. Wall conveyed to C. M. and F. L. Sweat, on October 22, 1899, "all the pine timber on lot of land No. 56 250 acres, of No. 57 245 acres, and No. 37 390 acres, all in the 7th district of Coffee county, Ga., suitable for sawmill purposes."   Tanner conveyed to the plaintiffs, on January 1, 1907, the lands involved, but the deed contained the following language: "Said B. H. Tanner hereby excepts the following timber privileges on the above-described lands:   The back-box timber for turpentine purposes in a lease from D. S. Wall to said B. H. Tanner, said lease being four years from date of lease.   Also all the pine sawmill timber as per certain lease from D. S. Wall to C. M. .& F. L. Sweat, and cross-tie lease from D. S. Wall to B. H. Tanner, conveying all pine cross-tie

timbers." Tanner became, by successive transfers, the owner of whatever had been conveyed in the Sweat lease. Davis-Sears Lumber Company began cutting timber in 1907, as appears from the record, claiming under Tanner. In this suit to enjoin the Davis-Sears Lumber Company, B. H. Tanner was made a party defendant, defending with them.

The deed from Tanner to the plaintiffs was not a conveyance of land subject to the rights which third parties might have had under the outstanding lease or contract, but the entire interest both in the land and in the timber had united in Tanner before he made a conveyance to the plaintiffs; and he did not undertake merely to convey to the plaintiffs subject to such rights as he might have as an assignee, but in his deed to plaintiffs he made an exception of "the back-box timber for turpentine purposes in a lease from D. S. Wall to said B. H. Tanner. . . Also the pine sawmill timber as per certain lease from D. S. Wall to C. M. & F. L. Sweat, and cross-tie lease from D. S. Wall to B. H. Tanner, conveying all pine cross-tie timbers," making reference to the timber lease between his grantor Wall and the Sweats as a means of additional description. As he was entire owner both of the land and the timber, his rights as sole owner were not dependent upon whether the Sweat timber lease had expired or not; but as owner he had a right to except from his conveyance to the plaintiffs the timber covered by that lease, regardless of whether, in the hands of Sweat or his transferees, it would have been enforceable against him or not. He did make the exceptions, and what he excepted from his conveyance to the plaintiffs never passed to them. It was not a question of reversion to the owner of the land because the timber may not have been cut within the time fixed expressly by the parties or impliedly by law; but it was a case in which the plaintiffs never received the title to that which Tanner said was excepted from his conveyance; and he might either write out the exception of that which was excepted in the deed itself, or refer to some other instrument in whole or in part for that purpose. The plaintiffs having introduced as a muniment of their title the conveyance from Tanner to them, they could not attack it as not correctly stating the contract, unless by proceedings to reform it either in the same or in a separate action; and this they did not do. Accordingly, on the trial of the case there was no error in granting a nonsuit at the close of the plaintiffs' evidence.

We can not declare the description in the Tanner deed, on *its* face, to be too vague and insufficient to make a valid exception, and the description is strengthened when taken in connection with the fact that Tanner in his deed to the plaintiffs gave the numbers of the lots he conveyed to them, and then said that he "hereby excepts the following timber privileges on the above-described lands." The plaintiffs did not undertake to attack the conveyance to them as being insufficient to convey the land; yet it excepts certain things and specifies as an exception "all the pine sawmill timber as per certain lease from D. S. Wall to C. M. & F. L. Sweat;" and the lease contract referred to names these same lots. We are not obliged to depend entirely on the description in the Sweat conveyance, but we have linked on to that the fact that the grantor is making that reservation out of the lot or lots he is conveying to the plaintiffs, plus the added exception of the sawmill timber on the lots conveyed. If there is any doubt as to the sufficiency of the description in the Sweat conveyance, the description is made stronger when the timber is excepted out of the very property which Tanner conveyed to the plaintiffs by the deed on which they rely to establish their own title.

There was not sufficient evidence of the cutting of any definite amount of timber to warrant the submission to the jury of the question whether the defendants had cut timber of a class not included in the conveyance to them. If the evidence was sufficient to show the cutting of any timber which was not within the exception (which is doubtful), it showed no amount or value on which a finding on that issue could be based, so as to require the judge to submit that issue to the jury.

*Judgment affirmed.    All the Justices concur.*