### COLEMAN et al. v. LANCASTER.

FISH, C. J.   1. An execution issued upon a judgment rendered for a debt secured by a deed made to realty can not be levied upon the realty conveyed as security until after the creditor has executed, filed, and had recorded a deed reconveying the property to the debtor; and a sale of the property, made under a levy thereon when no reconveyance has been previously made, filed, and recorded, would be void. *Coates* v. *Jones*, 142 *Ga.* 237 (82 S. E. 649). Applying the ruling just announced to the facts of this case, the court erred in directing a verdict finding the property levied on subject to the execution.

2. A ground of a motion for a new trial, complaining of the admission of "parol evidence of an alleged year's support . . in the property in question," without setting forth such evidence or its substance, presents no question for adjudication.

3. A ground of a motion for a new trial, alleging error of the court in refusing to admit a certain administrator's deed, because "the decree in equity upon which same was based did not authorize the sale," where neither such decree nor its substance was set forth in the motion, is insufficient to raise any point for decision.

4. None of the other grounds of the motion for new trial is meritorious, nor is such as to require further discussion.

*Judgment reversed. All the Justices concur.*

No. 919.   FEBRUARY 13, 1919.

Claim. Before Judge Hammond. Burke superior court. March 16, 1918.

*E. V. Heath,* for plaintiff in error.

*Brinson & Hatcher,* contra.