. HOGG *v.* TRUITT COMPANY *et al.*

GEORGE, J. 1. Where a vendor of land who retained the title obtained against the vendee a judgment for the balance of the purchase-money, and had the land levied on and sold under an execution issued upon such judgment, without first having recorded a deed conveying the land to the vendee, the sale was void, and the deed executed by the sheriff was ineffectual to convey legal title to the purchaser. *National Bank of Athens* v. *Danforth,* 80 *Ga.* 55 (6), 69 (7 S. E. 546); *McCord* v. *McGinty,* 99 *Ga.* 307 (25 S. E. 667); *Dedge* v. *Bennett,* 138 *Ga.* 787 76 S. E. 52); *Coates* v. *Jones,* 142 *Ga.* 237 (82 S. E. 649); *Coleman* v. *Lancaster,* 148 *Ga.* 757 (98 S. E. 269).

2. The vendee may bar himself of his right to demand that the sale be set aside, by acts of ratification on his part; and where the vendee, the defendant in execution, was present at the judicial sale of the property levied upon as his own, and bid off the same on November 7, 1916, but failed to pay for the same, and the land was readvertised under the same levy and again sold on the first Tuesday in December, 1916, at which sale the vendee was also present and did not object to the sale, although he did not again bid for the property, he is estopped and can not question the validity of the sale. Civil Code (1910), § 6077; *Mod·* v. *Stuckey,* 96 *Ga.* 187 (23 S. E. 307); *Ashley* v. *Cook,* 109 *Ga.* 653 (35 S. E. 89). The case of *Upchurch* v. *Lewis,* 53 *Ga.* 621, decided before the adoption of the Code of 1895, in which section 6077, supra, first appeared, is distinguishable on its facts from the present case. In that case the vendee did not by any act of his induce others to purchase.

3. There was no error in admitting evidence to the effect that the defendant in execution had bid for the property at the November sale, had become the successful bidder therefor, and had failed to pay the amount of his bid, and that the land was readvertised under the original levy and again sold on the first Tuesday in December following, at which time the vendee was again present and had knowledge of the fact that the land was being sold under the original levy, and did not protest against it. The court did not err in granting a nonsuit.

*Judgment affirmed. All the Justices concur, except Gilbert, J., absent for providential cause.*

No. 1654. APRIL 15, 1920.

Equitable petition. Before Judge Terrell. Troup superior court. August 15, 1919.

*B. J. Mayer,* for plaintiff.

*A. H. Thompson* and *E. T. Moon,* for defendants.