### DURRENCE *v.* DURRENCE.

HINES, J.   1.   An execution issued upon a judgment rendered in part for a debt secured by a deed to realty can not be levied upon such realty until after the creditor or his transferee has executed, filed, and had

Executions, 23 C. J. p. 350, n. 13.

recorded a deed reconveying the property to the debtor; and a sale of the property, made under a levy thereon when no reconveyance has been previously made, filed, and recorded, would be void. *Coates* v. *Jones,* 142 *Ga.* 237 (82 S. E. 649); *Coleman* v. *Lancaster,* 148 *Ga.* 757 (98 S. E. 269); *Hogg* v. *Truitt Co.,* 150 *Ga.* 139 (102 S. E. 826); *Citizens Mercantile Co.* v. *Eason,* 158 *Ga.* 604, 608 (123 S. E. 883, 37 A. L. R. 378).

2. The levy was made on April 23, 1924. The deed reconveying the property to the defendant was made on May 3, 1924, was filed for record May 6, 1924, and was recorded on May 7, 1924. In these circumstances, and applying the rule above laid down, a verdict finding the land levied upon subject was contrary to the law and evidence, and the court below erred in not granting a new trial. *Coleman* v. *Lancaster,* supra.

3. The above rulings render it unnecessary to consider the other assignments of error.      *Judgment reversed. All the Justices concur.*

No. 5473. JULY 13, 1926.

Claim. Before Judge Sheppard. Evans superior court. April 15, 1926.

*John W. Sheppard,* for plaintiff in error.    *C. L. Cowart,* contra.