WHITE v. COOK et al.; et vice versa.

GILBERT, J. 1. "Where an equitable petition was filed for the purpose of enjoining the cutting of timber, and on an interlocutory hearing it was shown that the damages which the plaintiff would suffer would be irreparable and incapable of ascertainment and computation, if the presiding judge reached the conclusion that the plaintiff had established his right, it was error to allow the injunction or restraining order to be

Injunctions, 32 C. J. p. 427, n. 76; p. 428, n. 83.

dissolved upon the giving of a bond by the defendant to answer for any recovery which the plaintiff might have upon the final trial. In such a case the bond would not afford adequate protection to the plaintiff." *Wethington* v. *Baxter,* 124 *Ga.* 1024 (53 S. E. 505); *Stewart* v. *Davis,* 132 *Ga.* 205 (63 S. E. 817); *Gray* v. *Guthrie,* 134 *Ga.* 273 (67 S. E. 799); *McArthur* v. *Thompson,* 153 *Ga.* 167 (111 S. E. 371); *McRae* v. *Smith,* 164 *Ga.* 23 (137 S. E. 390).

2. It does not appear, however, in this case that the damages were irreparable, or incapable of being computed in money. It does appear, without contradiction, that the defendants were solvent and able to respond in damages. For these reasons the judgment will not be reversed for allowing the injunction to be dissolved upon the giving of a sufficient bond by the defendants.

*Judgment affirmed on main bill of exceptions; cross-bill of exceptions dismissed. All the Justices concur, except Atkinson, J., dissenting.*

Nos. 6014, 6015.   DECEMBER 15, 1927.

Equitable petition.   Before Judge Knight.   Atkinson superior court.   April 8, 1927.

*Slater & Moore,* for plaintiff.

*L. A. Hargreaves* and *Dickerson & Kelley,* for defendants.