## BRYANT v. TOWNS et al.

ATKINSON, J. 1. "An execution issued upon a judgment rendered in part for a debt secured by a deed to realty can not be levied upon such realty until after the creditor or his transferee has executed, filed, and had recorded a deed reconveying the property to the debtor; and a sale of the property, made under a levy thereon when no reconveyance has been previously made, filed, and recorded, would be void. *Coates* v. *Jones,* 142 *Ga.* 237 (82 S. E. 649); *Coleman* v. *Lancaster,* 148 *Ga.* 757 (98 S. E. 269); *Hogg* v. *Truitt Co.,* 150 *Ga.* 139 (102 S. E. 826); *Citizens Mercantile Co.* v. *Easom,* 158 *Ga.* 604, 608 (123 S. E. 883, 37 A. L. R. 378)." *Durrence* v. *Durrence,* 162 *Ga.* 507 (134 S. E. 164).

2. If after a judicial sale of land, which was void for reasons stated in the preceding division, the defendant in·fi. fa. treats the sale as valid and enters into a contract with the purchaser whereby he becomes the tenant of the purchaser and remains in possession of the land under the new relation of the parties as landlord and tenant, he will be estopped by so remaining in possession from disputing the title of his landlord. Civil Code, § 3698; *Gleaton* v. *Gleaton*, 37 *Ga.* 650; *Tufts* v. *DuBignon*, 61 *Ga.* 322.

3. On the issue as to relation of landlord and tenant the evidence, though conflicting, was sufficient to authorize the judge in the exercise of his discretion to refuse a temporary injunction. *Brooks* v. *Stroud*, 111 *Ga.* 875 (2) (36 S. E. 960); *Zorn* v. *Murray*, 127 *Ga.* 389 (56 S. E. 454); *Brown* v. *Cole*, 138 *Ga.* 433 (75 S. E. 334).

*Judgment affirmed. All the Justices concur, except Hill, J., absent because of illness.*

No. 9412.  AUGUST 9, 1933.  REHEARING DENIED SEPTEMBER 14, 1933.

*Crim & Harrison,* for plaintiff.  *R. W. Martin,* for defendants.