## TAYLOR *v.* NIX.

No. 12034. FEBRUARY 19, 1938.

*William Story* and *J. P. Knight,* for plaintiff.
*E. R. Smith* and *I. H. Corbitt,* for defendant.

Atkinson, Presiding Justice.   A controversy arose over location of the line between Nix and Taylor, who were adjoining proprietors.   Processioners appointed on application of Nix marked out a line which extended through land on which were pine trees then being worked for turpentine purposes by Taylor.   Taylor filed a protest to the return of the processioners.   After the line had been marked, Nix proceeded to "dip the cups" placed by Taylor, and otherwise work the trees for turpentine purposes on the land, up to the line.   Taylor brought suit to enjoin such work, and obtained a restraining order.   Nix filed a demurrer to the petition, and an answer which in part was in the nature of a cross-action seeking to enjoin Taylor from working the trees.   The land in question was alleged in the petition to contain fifteen acres.   This was denied by the answer, which alleged that the quantity was between three and five acres.   At an interlocutory hearing the demurrer was overruled, to which there was no exception.   The case was heard on the pleadings and evidence consisting of the immediate deeds under which the respective parties claimed title, the record in the processioning proceedings, and numerous affidavits introduced on both sides, which taken altogether showed conflict of evidence as to location of the dividing line, and consequently whether the trees were on Taylor's land or on Nix's land.   The judge dissolved the restraining order on condition that Nix give bond conditioned to pay such damages as Taylor might recover in the action, and enjoined Taylor "from working or dipping the timber on the lands in dispute in said cause until the further order of this court."   Taylor excepted to the judgment, on the ground that it was contrary to law.

1. On conflicting evidence as to whether the land on which the trees were growing was a part of the plaintiff's tract or was a part of the defendant's tract, the judge did not abuse his discretion in dissolving the restraining order on condition that the defendant should give bond for such damages as the plaintiff might recover in the action.   See *Brown* v. *Cole,* 138 *Ga.* 433 (75 S. E. 334).

(*a*) The ruling of the court requiring that as a condition to dissolution of the restraining order the defendant should give bond is not to be construed as a finding by the court that the plaintiff was entitled to injunction, but is to be construed only as a precautionary protection for the plaintiff in the event the jury at the final

trial should settle the question at issue as to title to the property in the plaintiff's favor. (*b*) Thus construing the judgment, the case differs from *McRae* v. *Smith*, 164 *Ga.* 23 (6) (137 S. E. 390), *White* v. *Cook*, 165 *Ga.* 361 (140 S. E. 874), and other cases which announce the doctrine: "If the presiding judge reached the conclusion that the plaintiff had established her right to an injunction, it was error to allow the injunction or restraining order to be dissolved upon the giving of a bond by the defendant to answer to any recovery of damages which the plaintiff may obtain on the final trial."

2. Whether the trees involved were on the land of the plaintiff or on the land of the defendant was a question to be passed upon by the judge at the interlocutory hearing. If on the land of the defendant, the act of the plaintiff in working the trees would be a continuing trespass which in the discretion of the judge might be enjoined. See *Killian* v. *Cherokee County*, 169 *Ga.* 313 (150 S. E. 158). And where the evidence was conflicting, whether the judge granted or refused an interlocutory injunction, his discretion would not be controlled unless abused. *Smith* v. *Newberry*, 135 *Ga.* 425 (69 S. E. 554) ; *Johnson* v. *Southern States Phosphate &c. Co.*, 163 *Ga.* 98 (135 S. E. 435). The evidence as to working the trees by the plaintiff would have authorized a finding that the plaintiff was in actual possession of the land (*Flannery* v. *Hightower*, 97 *Ga.* 592 (3), 25 S. E. 371; *Booth* v. *Young*, 149 *Ga.* 276, 278, 99 S. E. 886; *May* v. *Sorrell*, 153 *Ga.* 47, 62, 111 S. E. 810), but did not as a matter of law show such actual possession of the land by plaintiff as would bring the case within the principle that equity will not grant a mandatory injunction by enjoining one party out of actual possession and putting the other party in possession. Code, § 55-110: *Vaughn* v. *Yawn*, 103 *Ga.* 557 (29 S. E. 759) ; *Trudie Turpentine Co.* v. *Pearson*, 159 *Ga.* 387 (2) (125 S. E. 862) ; *American Oil Co.* v. *Hulme*, 180 *Ga.* 768 (180 S. E. 768) ; *Cannon* v. *Montgomery*, 184 *Ga.* 588 (3) (192 S. E. 206).

3. Under the pleadings and the evidence there was no abuse of discretion in this case in enjoining the plaintiff on the defendant's cross-action. *Judgment affirmed. All the Justices concur.*