BENEDICT *v.* GAMMON THEOLOGICAL SEMINARY *et al.*

1. The allegations in the petition to set aside the judgment are so vague and contradictory that this court can not determine whether the judgment sought to be set aside is valid or not.
2. Where one borrows money from another and makes him a deed to secure the debt, and the lender sues the borrower upon his failure to pay the debt at maturity and obtains a judgment against him, before the execution is levied upon the land given as security the lender must reconvey the land to the borrower and have the deed of reconveyance recorded. If levy is made without such reconveyance and the land sold by the sheriff by virtue of the execution, such sale is illegal and absolutely void.
3. Where the borrower in such a case files his equitable petition to have the sheriff's deed and sale set aside, it is not necessary for him to tender the amount due the lender before he is entitled to have the sale declared void.
4. The grantor in a security deed, or borrower, has at least ten years in which to redeem the land, if the grantee is in possession; but if the grantee is in

possession under a sheriff's deed made in pursuance of an illegal sale, such a deed, being color of title, may bar the grantor in seven years, if acquiesced in by him for that length of time.    An action brought to set aside the sale in six years is not too late.

Argued February 8, — Decided March 8, 1905.

Equitable petition.    Before Judge Lumpkin.    Fulton superior court.    June 6, 1904.

*Lavender R. Ray*, for plaintiff.
*Willis M. Everett*, for defendants.

SIMMONS, C. J.   In 1895 Benedict borrowed from the Gammon Theological Seminary, which will be called hereinafter the Seminary, the sum of $2,500, and in order to secure the payment thereof he gave a note for that amount, payable five years after date, with interest payable in semi-annual installments evidenced by certain coupons attached to the note; he also made a deed to the Seminary to secure the note, and took a bond for title to insure a reconveyance when the note was paid.   In 1896, two of the coupons being past due and unpaid, the Seminary elected to treat the whole debt as due, and entered suit for the whole amount in the city court of Atlanta.   A judgment was obtained without the intervention of a jury, and the execution issued thereon was levied upon the land in 1898, and it was sold by the sheriff to the Seminary. The officers of the Seminary were put in possession of the land by the sheriff and have occupied it ever since.   In 1904 Benedict filed an equitable petition in which he alleged the above-stated facts, alleging in addition thereto that the judgment under which the land was sold is void for the reason that the contract sued on was a conditional contract and the judge had no authority to enter up a judgment without the intervention of a jury.   He further alleged that the condition in the contract was embraced in the deed, which stipulated that if any of the coupons were not paid at maturity the Seminary would have the right to declare the whole debt due and sue thereon; that it did sue, and obtained a judgment as above stated.   He attached to his petition the judgment sought to be set aside.   This judgment recites that the contract sued on was an unconditional contract, and that no plea was filed by Benedict under oath.   Benedict alleges that the sale was void for the reason that the Seminary had not had recorded nor filed in the clerk's office for record a reconveyance to him be-

fore the sale. Other allegations are made in the petition, which are not necessary now to mention. To this petition a demurrer was filed by the Seminary, on the grounds, that there was no cause of action set forth in the petition, and that there was no tender made by Benedict of the money which was still due. The demurrer was sustained, and Benedict excepted.

1. We can not determine whether the judgment entered by the judge without a jury is void, erroneous, or valid. As stated the petition recites that the deed contained a clause to the effect that if default was made upon any of the coupons the whole amount would become due at the option of the Seminary, while the judgment attached to the petition recites that the contract sued on was an unconditional one and no plea was filed on oath to the suit. If the judgment recites the truth (and it imports verity), it is quite likely that it is valid and binding upon Benedict; or at most is merely erroneous, and, not having been excepted to, would be binding unless motion was made in due time to set it aside. *Crow* v. *Mortgage Co.*, 92 *Ga.* 815. If, on the other hand, as alleged in the petition, the condition was contained in the deed, it would seem, under the decisions in *Sanner* v. *Sayne*, 78 *Ga.* 467, and *Dye* v. *Garrett*, Ibid. 471, and cases following them, that the judgment was illegal. How this may be we can not determine from the record, and, therefore, make no ruling as to the validity or invalidity of the judgment.

2. As above stated, Benedict borrowed money of the Seminary, made it a deed to secure the payment thereof, gave the Seminary his note for the money, and failed to pay two of the interest coupons. The Seminary sued him, obtained a judgment, had execution issued thereon, and levied by the sheriff upon the land. The land was sold by the sheriff, and he made a deed to the Seminary. There was no deed of reconveyance filed in the clerk's office by the Seminary before the sale. That this sale was void is clear under all the decisions of this court upon the subject, and the rule is so well established that it is not now necessary to cite authorities therefor.

3. The able counsel for defendant in error does not contest the invalidity of this sheriff's sale, but relies altogether upon the equitable doctrine that he who seeks equity must do equity, and contends that before Benedict can have the sale declared void he

must pay to the lender the amount it claims to be due. This is the turning point in the case, and the learned judge below doubtless put his decision, in sustaining the demurrer, upon this ground. The rule relied upon by counsel is undoubtedly a correct one, but it does not apply to all cases in equity, nor do we think it applies to this case, under the facts. Here was an illegal and void sale brought about by the Seminary. It caused the land to be levied upon and sold contrary to law. The sale amounted to no more, in the eyes of the law, than if the officers of the Seminary had gone upon the land and with force and arms ousted Benedict from his possession. Both acts are illegal, and it would be a singular doctrine to hold that a lender of money secured by a deed to land can illegally oust the borrower, or grantor, and require the grantor to pay the debt before he can obtain any redress. Such a doctrine would encourage the lender to take possession of the land in any way that he might, and then quietly inform the borrower, " You have no right to set aside my act, illegal though it be, until you pay me the borrowed money." The lender, in such a case, could await his opportunity when the grantor and his family were away from home, as attending church on Sunday, and in his absence forcibly take possession of the premises. Upon the grantor's return he would be confronted with this statement from the lender: " I have taken possession of this house, because you owe me money. I have your security deed and you cannot enter until you pay me the whole amount due." This would be no worse than to allow the lender, through an illegal act of the sheriff, to turn the debtor out and require him to pay the whole amount of the debt before he be allowed to enter again. Equity believes in good conscience, honesty, and morality; it will not sanction oppression or extortion demanded by a party because of his own illegal act. If he demands his pound of flesh, he must take it without the letting of blood. A party who violates the law knowingly and willfully, and thereby injures another, can not demand of the latter party to "do equity" before he can establish his right and place himself in statu quo. The difference between this case and the cases relied upon by counsel for the defendant is that in those cases there was no illegal act committed by the party who demanded the plaintiff to do equity. For instance, if Benedict had surrendered

these premises to the Seminary voluntarily, then, in order to gain possession, he would have to tender the money in redemption of the land. But where the Seminary by force and arms, we may say, turned him out illegally, he is not required to redeem before he can set aside the illegality of the act. In the case of *Ray* v. *Boyd*, 96 *Ga.* 809, it appears that Boyd held a security deed given by Ray. Ray failed to pay at maturity, and Boyd sued out a warrant to eject him as an intruder. Ray filed an equitable petition asking for an injunction, to which Boyd demurred on the ground that no tender had been made to him of the amount due; and this court held, that, inasmuch as Boyd was pursuing an illegal remedy to evict Ray, there was no merit in the action, and that no tender was necessary. We think, therefore, that, the sale being illegal and brought about by the action of the Seminary, Benedict has the right to have the sale declared void without a tender of the balance of the borrowed money. In the case of Brewer *v.* Harrison (Colo.), 62 Pac. 225, it appears that Brewer had given Harrison a trust deed with power of sale, and that the power was illegally executed in bringing the property to sale. Brewer filed a bill in equity to have the sale set aside, and this same question was made, that he must redeem before the sale could be set aside. The Supreme Court of Colorado, in deciding the question, says: "Appellants are not compelled to redeem from a sale which, at their election, is void. The sale not having been made according to law, appellees can not insist, as a condition precedent to setting it aside, that appellants be compelled to comply with conditions before they can take advantage of the misconduct of the appellees. In other words, the foreclosure at their election being void, they have a right to treat the proceedings as though no foreclosure had ever been had;" citing Lewis *v.* Hamilton (Colo.), 58 Pac. 196, which announces the same rule.

4. It is also insisted by counsel for defendant in error that Benedict is barred by his laches in not moving to set aside this sale earlier, six years and some months having elapsed before his present petition was filed. If the Seminary were in possession legally, as mortgagee in possession, Benedict would have at least ten years in which to redeem, or to remain silent for that length of time in order to ascertain if the rents and profits received by the Seminary would equal the amount of the debt, in which

event the land would become his again by operation of law, and he could compel the Seminary to make him the title. But where the Seminary is in possession under an illegal sale, the deed by the sheriff might give it color of title which would ripen into a good title in seven years, thereby depriving Benedict of three years in which to redeem. But however that may be, he clearly has the right to have the sale declared void, having brought his action within seven years, and is not now barred by laches.

Benedict alleges that the land is worth so much per year as rent, and prays that the Seminary be required to account to him for the same. This is a matter to be settled in the future when he offers to redeem, and it is not necessary to determine now what are his rights in this regard.

*Judgment reversed.* *All the Justices concur.*