### GLOVER *v.* COX.

1. The grantor in a security deed failed to pay' the secured debt at maturity, and suffered judgment to be obtained against him authorizing a sale of the property in the manner provided by law in such cases, and, after sale, was evicted by the sheriff, who placed the purchaser in possession (the purchaser being the grantee in the security deed): *Held*, that such grantor could not afterwards recover the land from the purchaser or one holding under him, even if the sale should be void on account of a failure upon the part of the grantee to properly execute and record a deed of reconveyance to the grantor before levy, where the grantor neither paid nor tendered payment of all money necessary to discharge the security.

2. Where the holder of the security deed, who purchased at the sheriff's sale, as set out in the foregoing headnote, sold the property to another, receiving a part of the purchase-money, making a bond for title to the vendee, and placing him in possession, the possession and right of possession of the purchaser from the original vendee were so connected with the security deed that, when an action of ejectment was brought against him by the maker thereof, he could defend by setting up the outstanding title conveyed by the maker of the security deed, even if the sheriff's sale was invalid because of a failure on the part of the plaintiff in execution to file and have properly recorded a deed of reconveyance before levy.

Argued November 19, 1907.—Decided March 26, 1908.
Rehearing denied April 13, 1908.

Complaint for land. Before Judge Pendleton. Fulton superior court. January 18, 1907.

*W. H. Terrell,* for plaintiff.

*J. H. Porter* and *Rosser & Brandon,* for defendant.

ATKINSON, J. The action was complaint for land. After the introduction of evidence by the plaintiff and the defendant, the court directed a verdict in favor of the latter, and the plaintiff excepted. The plaintiff introduced sufficient evidence of title to

support prima facie her action. The defendant filed an equitable
plea. In support of the plea, the defendant, among other muni--
ments of title, relied upon a quitclaim deed executed by M. McD.
Pritchard and W. R. Dimmock, as trustees of the National Build--
ing Association of Baltimore City, conveying the land in dispute to-
the plaintiff, reciting that it was executed for the sole purpose of
levying upon the land to satisfy an execution in favor of the said'
National Building Association of Baltimore City against the plain-
tiff, issued upon a judgment rendered against her for the recovery
of a debt secured by a security deed which she had previously
executed to said company to secure a loan. The quitclaim deed
above mentioned contained in its caption the words, "Georgia,.
Fulton county." It was signed by M. McD. Pritchard, Trustee,
and W. R. Dimmock, Trustee. The attesting clause contained the
following: "Signed, sealed, and delivered in the presence of Rob-
ert Ogle [seal of court], clerk of superior court of Baltimore City,
the same being a court of record. Peter Stevens [signature]. As
to Dimmock: J. R. Fox, J. H. Porter, Notary Public, Fulton
county, Georgia." The deed thus executed was recorded in the
general records of Fulton county, where the land was located, June
7, 1900. In connection with this deed the defendants introduced
an agreement between counsel for the plaintiff and defendant,.
dated December 7, 1906, reciting that said deed "was actually
executed in Baltimore City by Pritchard, in the presence of Peter
Stevens and Robert Ogle, clerk of the superior court of Baltimore-
City, and that the superior court of Baltimore City is a court of
record." When the deed was offered in evidence, plaintiff's coun-
sel objected to its admission, upon several grounds, among them,
that the deed was improperly executed and improperly recorded,.
and a lawful levy could not be made upon the land, and that the
sale of the property, made by the sheriff in obedience to the com-
mand of the court, as expressed in the execution issued upon the
judgment before mentioned, was void.

Under the view we take of the case, it is unnecessary to deter--
mine whether the deed was properly executed and recorded. There
was in fact a sale by the sheriff, after default and judgment for-
recovery of the debt secured by the security deed, and the plain--
tiff in fi. fa. became the purchaser of the property, and afterwards
sold it to the defendant in the present case, who holds a bond for

title with a part of the purchase-money paid. Under the rulings in *Ashley* v. *Cook,* 109 *Ga.* 653 (35 S. E. 89), and *Askew* v. *Patterson,* 53 *Ga.* 209, assuming that the sheriff's sale was void, the purchaser entering possession in pursuance of the sale acted under color of law, and did not become a trespasser. If the sale was void, it did not disturb the lien of the plaintiff in fi. fa. or exhaust his security deed. He could proceed under that as if no sale had been attempted. *Hamilton* v. *Rogers,* 126 *Ga.* 27 (54 S. E. 926). The grantee in a security deed, after the debt becomes due, may recover the property from the grantor in ejectment. *Oellrich* v. *Georgia R.,* 73 *Ga.* 389. If such grantee could recover in ejectment upon the strength of the title conveyed by a security deed, it necessarily follows, under similar circumstances, that he could defend in ejectment, by force of such deed, as against the grantor in the security deed. One who bought from the grantee in the security deed (who was also the purchaser at the sheriff's sale), and received from him a bond for title and possession thereunder, by showing these facts, so connected her possession and right of possession with the title conveyed by the security deed that, if the sheriff's sale was void, she could set up such paramount outstanding title under the security deed, to defeat a recovery in ejectment by the maker thereof. If the sheriff's sale was void, the maker of the security deed, in order to recover possession, must pay the debt in full, and thus discharge the security; or, if necessary, with proper pleadings and proper parties, upon tender of the amount due, she might proceed to compel a reconveyance to herself. In this case there was no tender, no equitable pleading, no showing that any accounting was necessary, and no effort upon the part of the debtor to redeem. She merely brought suit in ejectment against the holder of the bond for title from the original grantee in the security deed and purchaser at the sheriff's sale. Under the facts she could not recover. There was nothing to submit to the jury, and there was no error in directing a verdict in favor of the defendant. See also, in this connection, *Hamilton* v. *Cargile,* 127 *Ga.* 763 (56 S. E. 1022); *Shumate* v. *McLendon,* 120 *Ga.* 396 (48 S. E. 10).

*Judgment affirmed. All the Justices concur.*