## STONE v. MARSHALL & COMPANY.

FISH, C. J. 1. The maker of two promissory notes, calling for 8 per cent. interest after maturity, stipulated therein that if they should be placed in the hands of an attorney for collection or adjustment, ten per cent. upon the amount due should be paid as attorney's fees to be included in judgment thereon as part of the principal. To secure the payment of the notes the maker conveyed land to the payees, and in the conveyances gave to the payees the right, in default of payment, to sell the land "at public outcry before the court-house door of the county where the property is located, after an advertisement of once a week for two or more weeks in the public gazette where the sheriff advertises, and to deduct from the proceeds of such sale the amount due, including interest and attorney's fees, and all expenses incident to such sale, returning the overplus, if any there be, to me [the maker of the notes and deeds] or my legal representatives." The payees, claiming that there had been default in the payment of the notes, advertised the land for sale under the power given in the deeds. The maker of the notes and deeds filed a petition to enjoin such sale, upon the ground that he was not indebted in the amounts claimed. The defendants, in answer to the petition, set up that the amounts due on the notes were due and unpaid; and prayed for judgment against the plaintiff for the amount of the notes and interest thereon, and also for attorney's fees. The answer containing such prayer was filed during the trial term. A verdict was rendered in behalf of the defendants in the action for injunction, against the plaintiff therein, for given amounts as principal and interest on the notes, and ten per cent. on principal and interest as attorney's fees. *Held*, that, under the provisions of the Civil Code, § 4252, an obligation in a note to pay attorney's fees in addition to the rate of interest specified therein is void, and not enforceable, except in a suit upon the note where the defendant has been given 10 days written notice by the holder of the note, his agent or attorney, before the institution of the suit, of his intention to bring suit, and also the term of the court to which it will be brought, and where the defendant fails to pay the note on or before the return day of the court to which the action is returnable. As these statutory provisions were not complied with, it was error, over proper and timely objection of the plaintiff, to admit evidence as to what would be reasonable attorney's fees for the services rendered in the case by defendants' counsel; and the verdict rendered was not authorized in so far as attorney's fees were found for the defendants.

2. There is nothing in the other grounds of the motion for a new trial requiring a reversal.

3. The evidence authorized the verdict, except as to attorney's fees; and a new trial is granted unless the defendants in error, within twenty days after the filing of the remittitur in the trial court, shall write off from the verdict the amount found therein for attorney's fees. If this shall be done, then a new trial is refused; otherwise the judgment is *reversed*, and a new trial ordered.

           *All the Justices concur, except Hill, J., not presiding.*
            FEBRUARY 14, 1912.

Equitable petition.  Before Judge Charlton.  Chatham superior court.  August 6, 1910.

*A. V. Sellers* and *W. W. Bennett,* for plaintiff.
*Cann, Barrow & McIntire,* for defendants.