## DEDGE *v.* BENNETT *et al.*

LUMPKIN, J. 1. Under section 6038 of the Civil Code, which makes provision for judgment creditors to redeem property held under a security deed, or where the purchase-money has not been fully paid, and for the subjection of such property to the judgments, the deed of reconveyance should be made to the defendant in fi. fa. by the vendor or holder of the title as security; "and when such conveyance has been filed and recorded, the said property may be levied on and sold as the property of the defendant." Thus by the express terms of the statute it is declared that the conveyance must be filed and recorded before the levy can be made. The right to redeem and subject the property, being one conferred by statute, must be exercised upon statutory conditions.

2. Where, under the provisions of section 6038 of the Civil Code, judgment creditors sought to redeem land which had been previously conveyed by the debtor to secure a debt, and to subject such property to their executions, but caused levies to be made before the deed of reconveyance had been recorded, even if this were done after it had been filed, the levy and sheriff's sale would be void. *National Bank* v. *Danforth,* 80 *Ga.* 55 (5), 56 (7 S. E. 546).

3. Section 3320 of the Civil Code deals with the registration of deeds, mortgages, etc., the notice arising therefrom, and the priority resulting in a competition between deeds or liens. It does not affect the statutory method provided for redeeming land of a judgment debtor and subjecting it to the judgment.

4. From the preceding headnotes it follows that it was error to refuse to restrain the execution of the deed by the sheriff under the sale based

upon a levy made before the deed of reconveyance was recorded, and the carrying into effect of such sale by dispossession of the debtor.

*Judgment reversed.   All the Justices concur.*
OCTOBER 16, 1912.

Petition for injunction.   Before Judge Conyers.   Appling superior court.   May 20, 1912.

*Parker & Highsmith,* for plaintiff.

*W. W. Bennett,* for defendants.