### 12081.   BOYD *v.* BLAND *et al.*

BROYLES, C. J.   1. Under the pleadings and the evidence a verdict in favor of the plaintiffs for the full amount of the principal and interest sued for was demanded, and the court did not err in so directing.

2. The note sued upon contained the usual stipulations as to the payment of attorney's fees, and it was alleged in the petition that ten days before the filing of the suit written notice was given the defendant that suit upon the note would be filed, returnable to the May term, 1919, of Candler superior court, and that the plaintiffs would claim the ten per cent. attorney's fees stipulated in the note. Upon the trial, however, it was shown that the suit was filed *three* days after the above notice was given the defendant, although the notice was given more than ten days before the return day of the term of court stated. The defendant not having been given the notice ten days before the suit was brought, the plaintiffs were not entitled to collect any attorney's fees, and the court erred in including such fees in his directed verdict in favor of the plaintiffs. Civil Code (1910), § 4252; *Finch* v. *Cox*, 18 *Ga. App.* 284(1) (89 S. E. 459); *Stone* v. *Marshall*, 137 *Ga.* 544 (73 S. E. 826).

3. Under the foregoing rulings the judgment is affirmed on condition that, at the time the remittitur is made the judgment of the lower court, the plaintiffs write off from the verdict and judgment the sum of $224.75 — the amount of the attorney's fees found by the jury; otherwise the judgment is reversed.

*Judgment affirmed on condition. Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 13, 1921.

Complaint; from Candler superior court — Judge Hardeman. December 4, 1920.

*Lanier, Deal & Renfroe, R. Lee Moore, Hines, Hardwick & Jordan,* for plaintiff in error.

*Brannen & Booth, Kirkland & Kirkland, F. B. Hunter,* contra.