## SMITH *v.* BUKOFZER.

No. 10165. FEBRUARY 12, 1935. REHEARING DENIED FEBRUARY 28, 1935.

*Robert Lee Avary Jr., and Poole & Fraser,* for plaintiff.

*Walter W. Visanska, Leon C. Greer,* and *H. C. Holbrook,* for defendant. *Alston, Alston, Foster & Moise, Colquitt, Parker, Troutman & Arkwright,* and *Etheridge, Belser, Etheridge & Etheridge,* for persons at interest, not parties.

ATKINSON, Justice. A deed to secure a debt contained a clause providing: "That in case the debt hereby secured shall not be paid when it becomes due, . . the party of the second part, or assigns, may. enter upon the said premises and collect the rents and profits thereof, and may sell the said property at auction . . (and said second party or any person on behalf of said second party, or assigns, may bid and purchase at such sale), and thereupon .execute and deliver to the purchaser at such sale a sufficient conveyance of said premises in fee simple, which conveyance shall contain recitals as to the happening of the default upon which the execution of the power of sale herein granted depends; and the said party of the first part hereby constitutes and appoints the said party of the second part, and assigns, the agent and attorney in fact of said party to make such recitals, and hereby covenants and

agrees that the recitals so to be made by the party of the second part, or assigns, shall be binding and conclusive upon said first party, and the heirs, executors, administrators and assigns of the said first party, and that the conveyance to be made by the party of the second part, or assigns, shall be effectual to bar all equity of redemption of the party of the first part, or the successors in interest of said party, in and to the said premises; and the party of the second part, or assigns, shall collect the proceeds of such sale, and after reserving therefrom the entire amount of the principal and interest due, together with the amount of any taxes, assessments, and premiums of insurance theretofore paid by such party of the second part, or assigns, with eight per centum per annum thereon from date of payment, together with all costs and expenses of sale and ten per centum of the aggregate amount due for attorney's fees, shall pay any overplus to the party of the first part, or to the heirs or assigns of said first party." A suit was instituted by the maker of the deed, to enjoin exercise of the power of sale, on the ground that it was void for stated reasons, and to enjoin a particular sale under the power which was being advertised. At interlocutory hearing the judge sustained the demurrers to the petition and refused an injunction. The plaintiff excepted.

1. The power of sale involved in this case is a power coupled with an interest, and is absolute for the purposes therein mentioned, without any element of personal confidence in the conferee or limitation as to discretion. *Lewis* v. *King,* 165 *Ga.* 705 (2, 3) (141 S. E. 909). The power, being of such character by contract of the parties, is not inhibited by the Code of 1910, § 3582 (Code of 1933, § 4-204), which declares: "Without the express consent of the principal after a full knowledge of all the facts, an agent employed to sell may not be himself the purchaser; and an agent to buy can not be himself the seller." Neither the covenant itself nor the power in its entirety is void on the ground, as contended, that it provides for an agent to buy from himself, without full knowledge of all the facts by the principal.

2. "'Obligations to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, are void, and no court shall enforce such agreement to pay attorney's fees, unless the debtor shall fail to pay such debt on or before the return day of the court to which suit is brought for the

collection of the same :` Provided, the holder of the obligation sued upon, his agent, or attorney notifies the defendant in writing, ten days before suit is brought, of his intention to bring suit, and also the term of the court to which suit will be brought.' Code of (1910), § 4252 [Code of 1933, § 20-506]. Under this law an obligation to pay attorney's fees in addition to the rate of interest specified therein is void and not enforceable, except in a suit upon the note where the defendant has been given the notice therein required, and the defendant fails to pay the note on or before the return day of the court to which the action is made returnable. *Stone* v. *Marshall,* 137 *Ga.* 544 (73 S. E. 826). Such an obligation in a deed to secure debt is unenforceable, unless the notice required by this section is given, and suit is brought to enforce the debt secured." *Moultrie Banking Co.* v. *Mobley,* 170 *Ga.* 402, 407 (152 S. E. 903). " 'Suit,' as employed in this statute, manifestly contemplates any form of action for recovery of the debt in a court having jurisdiction to render judgment on the demand, where there is provision for 'a return day.' *Walters* v. *O'Neill,* 151 *Ga.* 680, 681 (108 S. E. 35)." The authority granted in the power to reserve from the proceeds of sale "ten per centum of the aggregate amount due for attorney's fees," comprehends such reservation where sale should be made at the election of the conferee without bringing a suit to recover the amount of the attorney's fees, in contravention of the foregoing principles, and consequently the authority to make such reservation is void; but that is a separable matter and does not affect any other part of the power of sale. In this connection see *Payton* v. *McPhaul,* 128 *Ga.* 510 (5) (58 S. E. 50, 11 Ann. Cas. 163) ; *Glennville Bank* v. *Deal,* 146 *Ga.* 127 (4) (90 S. E. 958). The case differs on its facts from *Morrison* v. *Fidelity & Deposit Co.,* 150 *Ga.* 54 (4) (102 S. E. 354), and similar cases in which the covenant to pay attorney's fees was not for attorney's fees for collection of the debt in question, but as an item of expense incurred by the promisee in collateral matters.

3. "There being in this State no statute requiring notice to be given by the mortgagee to the mortgagor of the intention to exercise a power of sale in a mortgage, when the mortgage provides only for notice by advertisement in a given manner, no other notice than such advertisement is necessary to the validity of a sale under

the power." *Garrell* v. *Crawford*, 128 *Ga.* 519 (2) (57 S. E. 792, 119 Am. St. R. 398, 11 Ann. Cas. 167) ; *Ellis* v. *Ellis*, 161 *Ga.* 360 (130 S. E. 681). Accordingly the power of sale is not void as depriving the grantor of due process of law because it makes no provision for giving notice of an intention to exercise the power of sale.

4. The power of sale is not void on the ground of indefiniteness with regard to applying the proceeds of the sale coming into the hands of the grantee to be administered.

5. Under the principle that he who seeks equity must do equity, the petition for injunction to restrain the defendant from exercising the power of sale in the security deed is demurrable on the ground that the plaintiff did not offer to do equity by paying the secured debt admittedly due. *Lalimer* v. *Lyon,* 177 *Ga.* 888 (171 S. E. 562) ; *Liles* v. *Bank of Camden County,* 151 *Ga.* 483 (107 S. E. 490) ; *Hendrix* v. *Bank of Portal,* 169 *Ga.* 264 (5) (149 S. E. 879) ; Code of 1933, § 37-104.

(*a*) The case differs from *Sellers* v. *Page,* 127 *Ga.* 633 (56 S. E. 1011), and *Benedict* v. *Gammon Theological Seminary,* 122 *Ga.* 412 (50 S. E. 162), in which the debt was not admitted to be due, and in which latter case the judgment upon the note was attacked as void.

(*b*) When the debt is payable "in gold coin of the United States of present standard of weight and fineness," and the property is advertised under the power of sale for "cash," tender in cash would not be excused on the ground that under the Federal laws, and the proclamation of the President of the United States against hoarding gold, it would be impossible for the plaintiff to tender the amount in gold coin.

6. Inasmuch as the petition was demurrable under the principle stated in the preceding division, and the demurrer was sustained, it becomes unnecessary to deal with assignments of error relating to the manner of exercising the power of sale. And even if the petitioner was in a position to ask equitable relief by an injunction on the ground of non-residence of the grantee in question, and on the ground of failure to advertise the sale of the property for the requisite time and in such a newspaper as provided in the power of sale, the judgment sustaining the demurrer and refusing an injunction would not be reversed, and no ruling will be made

on the assignments of error relating to such matters; no sale having occurred, and the time having passed for making the particular sale in pursuance of the advertisement in question. This ·ruling does not contravene the decision in *Sellers* v. *Page,* supra, in regard to exercise of a power of sale by a non-resident grantee in a security deed.

*Judgment affirmed. All the Justices concur, except Bell, J., who dissents.*