## SMITH *v.* BUKOFZER.

586

No. 10441.   APRIL 11, 1935.   REHEARING DENIED MAY 18, 1935.

*Robert Lee Avary Jr.,* for plaintiff in error.

*Walter W. Visanska* and *H. C. Holbrook,* contra.

HUTCHESON, Justice.   Mrs. Frances Bukofzer brought suit in

the municipal court of Atlanta against Mrs. Corinne S. Smith, on a promissory note for $6000, dated October 27, 1928, and due October 27, 1933, together with certain interest notes falling due semi-annually. A deed conveying described property was given by Mrs. Smith to secure the debt. The plaintiff prayed for judgment on the notes, and that the judgment be declared a special lien on the land described in the security deed.

The defendant filed her answer to the petition, and a plea of set-off and counter-claim. She admitted the execution of the note and security deed, but denied that she was liable to pay the notes, alleging that their maturity date had been extended by reason of a supersedeas order and bond given in the case of *Smith* v. *Bukofzer*, which was a petition for injunction to enjoin foreclosure sale of the property in controversy, in which case the judgment of the lower court denying an injunction was affirmed by the Supreme Court (180 *Ga.* 209, 213, 178 S. E. 640, 641). It is averred by the defendant that the notes were payable in gold coin of the United States, by provision of the notes, of the then (October 27, 1928) standard of weight and fineness, and that this provision constituted a contract right of the parties; that by reason of certain proclamations of the President of the United States and acts of Congress it was made impossible for Mrs. Smith or any one else to obtain gold coin, bullion, or certificates with which to discharge this debt; that the act of Congress of June 5, 1933, which provides that any obligation already existing at that time, such as the obligation sued on, for payment in gold or a particular kind of coin or currency, or in an amount of money of the United States measured thereby, shall be discharged upon payment in any coin or currency which at the time of payment is legal tender for public and private debts, is, in so far as it abrogates a provision in any then existing contract to discharge the obligation in gold of the then standard of weight and fineness, unconstitutional and void as contravening article 1 of section 8 of the Federal constitution, and also in violation of the 10th amendment to the constitution of the United States; and also in violation of the 5th amendment of the constitution of the United States. The plea of set-off and counter-claim is based on the alleged tort of the plaintiff in filing foreclosure proceedings against the defendant, and thereby damaging her credit and reputation in the sum of $15,000.

The defendant's demurrers to the petition as amended were over-ruled. The plaintiff's demurrers to the answer and amendments, and to the plea of set-off and counter-claim, were sustained. The jury returned a verdict for the plaintiff for the sums sued for, and declared the same a special lien on the property in controversy.

The defendant excepted to the rulings just stated, and to the judgment based on the verdict, on the grounds, that, "by reason of each and every one of the antecedent errors herein complained of in sustaining the plaintiff's demurrers to the defendant's pleas, and all defendant's pleas as amended, and in overruling defendant's demurrers and objections to the plaintiff's petition as amended, . . neither said verdict nor judgment was a legal termination of the cause, and . . that each and every one of said antecedent errors was material and controlled the verdict and judgment herein complained of."

Some of the questions raised by the pleadings were eliminated by amendments, and it is unnecessary to deal with them.

■ The question of the constitutionality of the act of Congress relative to the payment of debts in legal tender other than gold was decided by the Supreme Court of the United States on February 18, 1935, in Norman v. Baltimore &c. R. Co., and United States v. Bankers Trust Co., 55 Sup. Ct. 407. In those cases the court upheld the act of Congress as constitutional, saying that "the Congress has undertaken to establish a uniform currency, and parity between kinds of currency, and to make that currency, dollar for dollar, legal tender for the payment of debts. In the light of abundant experience, the Congress was entitled to choose such a uniform monetary system, and to reject a dual system, with respect to all obligations within the range of the exercise of its constitutional authority. . . We think that it is clearly shown that these clauses interfere with the exertion of the power granted to the Congress; and certainly it is not established that the Congress arbitrarily or capriciously decided that such an interference existed."

■ The court did not err in sustaining the demurrer to the plea of set-off. That plea sought to recover damages for a tort. It was held in *Hecht* v. *Snook & Austin Furniture Co.*, 114 *Ga.* 921 (41 S. E. 74), that "the city court of Atlanta has no jurisdiction to entertain a plea seeking to set off a claim for damages arising

ex delicto against a suit on a cause of action arising ex contractu, although the plaintiff may be a non-resident of this State." And see *Welch* v. *Williford,* 177 *Ga.* 837 (171 S. E. 768). The case of *Smith* v. *Bukofzer,* 180 *Ga.* 213 (178 S. E. 640), was a suit filed in the superior court of Fulton County to consolidate the suit in the municipal court of Atlanta on the notes involved in this case with a petition for injunction. The lower court in that suit sustained a demurrer to the plea of set-off, and this court affirmed the judgment in that respect, holding that the plea was subject to demurrer. The court did not err in sustaining the demurrer to the plea of set-off in the present case.

■ Mrs. Bukofzer brought foreclosure proceedings in the superior court of Fulton County against Mrs. Smith. Mrs. Smith filed a petition for injunction to restrain this proceeding. The court refused an injunction, and the case was brought to the Supreme Court by writ of error. A supersedeas bond was given by Mrs. Smith, "the condition of this bond being that in the event the judgments are affirmed Mrs. Corinne S. Smith will pay to Mrs. Frances Bukofzer all interest that may accrue, from the date of the granting of the said supersedeas to the date the judgment of the Supreme Court on the bill of exceptions herein is made the judgment of this court, on the principal note of $6000," etc. The judgment refusing an injunction was affirmed by the Supreme Court. *Smith* v. *Bukofzer,* 180 *Ga.* 209 (178 S. E. 641). It is contended by the plaintiff in error in the present case that the supersedeas order and bond in the case above referred to involved the same subject-matter and parties as are herein involved, and constituted an extension of the maturity date of the principal note and interest coupons until the judgment of the Supreme Court is made the judgment of the trial court, and that Mrs. Bukofzer is not now entitled to proceed with this suit until the happening of the condition fixed in said supersedeas order and bond. The case in which the supersedeas bond was given did not involve a suit on the notes, but it was a suit to enjoin foreclosure under the power of sale contained in the security deed, and would not operate as a bar to the suit on the notes in the municipal court of Atlanta. A rehearing in the case above referred to was denied on February 28, 1935, the remittitur was issued on March 1, 1935, and the condition of the bond is no longer of force.

■ Other headnotes need no elaboration.

■ The court did not err in sustaining the demurrers to the answer as amended, and to the plea of set-off and counter-claim, or in overruling the demurrers to the petition as amended.

*Judgment affirmed. All the Justices concur.*