GEORGIA BAPTIST ORPHANS HOME INC. *et al. v.*
MOON *et al.*

No. 13578.   April 15, 1941.   Rehearing denied May 16, 1941.

*Lokey & Bowden,* for plaintiffs.

*C. G. Battle, O. T. Lester, J. W. Weaver,* and *Clarke & Clarke,* for defendants.

BELL, Justice. "Before one who has given a deed to secure his debt can have set aside in equity a sale by the creditor in exercise of the power conferred by the deed, and injunction to prevent interference with the debtor's possession of the property conveyed by the deed, he must pay or tender to the creditor the amount of principal and interest due." *Biggers* v. *Home Building & Loan Association,* 179 *Ga.* 429 (176 S. E. 38). While the facts of the present case are different from those in the case cited, they are yet of such nature as to make applicable the principle ruled therein. To the same effect, see *Latimer* v. *Lyon,* 177 *Ga.* 888 (171 S. E. 562) ; *Guardian Life Insurance Co.* v. *Collins,* 179 *Ga.* 444 (176 S. E. 39) ; *Smith* v. *Bukofzer,* 180 *Ga.* 209 (178 S. E. 641) ; *Redwine* v. *Frizzell,* 184 *Ga.* 230, 237 (190 S. E. 789) ; *Harton* v. *Federal Land Bank,* 187 *Ga.* 700 (2 S. E. 2d, 62). The present case differs from *Forbes* v. *Hall,* 102 *Ga.* 47 (28 S. E. 915, 66 Am. St. R. 152), where *two separate* tracts of land were levied on *and* sold *in bulk,* for the grossly inadequate sum of $25, the property being of the aggregate value of $1400, which was nearly twenty times the amount of the fi. fa. It was held in that case that the sale was void and conveyed *no title* to the purchaser, and that a tender was unnecessary. That case was distinguished in *Durham* v. *Smith,* 186 *Ga.* 565 (198 S E. 734). The case of *Benedict* v. *Gammon Theological Seminary,* 122 *Ga.* 412 (50 S. E. 162), is also materially different. In that case the grantee in a security deed obtained a judgment against the borrower for the amount of the debt, and had the execution levied on the land conveyed by the security deed, without first reconveying the land and having such deed of reconveyance recorded as required by statute. It was held that such sale was illegal and "absolutely void." Also, that in such case interference with the debtor's possession of the property in pursuance of such sale would amount to nothing less than a trespass, and that under the facts appearing a tender was not required. *Coates* v. *Jones,* 142 *Ga.* 237 (1-*b*) (82 S. E. 649), was similar to the *Benedict* case, but it was further alleged therein that the rents, issues, and profits had fully

paid the debt, and an *accounting* was prayed. The *Benedict* case was distinguished in *Smith* v. *Bukofzer,* supra. While the *Forbes, Benedict,* and *Coates* cases are thus clearly different in their facts from the present case, it would really seem that the ruling as to *trespass* in the *Benedict* case is itself contrary to previous decisions indicating that a purchaser in such case would not.be a trespasser, even though the sale may have been void. A security deed passes title; and it has been repeatedly held by this court that the grantee therein may recover the land in ejectment if the debt is not paid at maturity. *Carswell* v. *Hartridge,* 55 *Ga.* 412; *Biggers* v. *Bird,* 55 *Ga.* 650; *Cameron* v. *Phillips,* 60 *Ga.* 434; *Woodson* v. *Veal,* 60 *Ga.* 562; *Robinson* v. *Alexander,* 65 *Ga.* 406; *Oellrich* v. *Georgia Railroad,* 73 *Ga.* 389. This necessarily implies a right of entry. *Capps* v. *Smith,* 175 *Ga.* 795 (4) (166 S. E. 234); Powell on Actions for Land, § 386. "It is true that the statute (Civil Code, § 5432) gives another remedy, that is, to obtain a judgment on the debt, reconvey to the grantor, levy on and sell the land; but the remedy thus given.is by no means exclusive." *Ashley* v. *Cook,* 109 *Ga.* 653, 655 (35 S. E. 89). The holder of the security deed may pursue both remedies concurrently, and neither is an obstacle to the other until the debt has been satisfied through one or the other proceeding. *Ray* v. *Pitman,* 119 *Ga.* 678, 681 (46 S. E. 849); *Clark* v. *Havard,* 122 *Ga.* 274 (50 S. E. 108).

In *Glover* v. *Cox,* 130 *Ga.* 476, 478 (61 S. E. 12), it was said: "Under the rulings in *Ashley* v. *Cook,* 109 *Ga.* 653 (35 S. E. 89), and *Askew* v. *Patterson,* 53 *Ga.* 209, assuming that the sheriff's sale was void, the purchaser entering possession in pursuance of the sale acted under color of law, and did not become a trespasser." In thus distinguishing the *Forbes* and *Benedict* cases, we do not by any means intend to imply that the mere fact that an instrument which a party seeks to have canceled is void rather than merely voidable will, as a rule, relieve such party from the necessity of a tender, where he is indebted to the opposite party for money or other thing with respect to the subject-matter. The Code, § 37-104, does not seem to make any such distinction, nor do the decisions generally. *Peacock* v. *Terry,* 9 *Ga.* 137 (5); *Liles* v. *Bank of Camden County,* 151 *Ga.* 483 (107 S. E. 490); *Echols* v. *Green,* 140 *Ga.* 678 (3, 5) (79 S. E. 557). From what has been said, the rulings in the *Forbes* and *Benedict* cases will not be extended to

the great length that would be necessary in order to apply them in the present case; and this is true whether they should be considered sound or unsound as applied to their particular facts, and limited to identical situations. Cf. *Weaver* v. *Carter,* 101 *Ga.* 206, 209 (28 S. E. 869).

Counsel for the plaintiffs present the contention that where a party has advanced money in pursuance of a fraudulent scheme on his part, a tender by the opposite party is not required as a condition of affirmative equitable relief; citing 21 C. J. 175-178 Gilbert *v.* Hoffman, 2 Watts (Pa.), 66 (26 Am. D. 103). Whether the citations support the contention made, such is not the rule in this State. Code, § 20-906; *Miller* v. *Cotten,* 5 *Ga.* 341 (4); *Craft* v. *Link,* 135 *Ga.* 521 (69 S. E. 742); *Garner* v. *Butler,* 144 *Ga.* 441 (87 S. E. 471); *Cabaniss* v. *Dallas Land Co.,* 144 *Ga.* 511 (87 S. E. 653); *Wynne* v. *Fisher,* 156 *Ga.* 656 (2) (119 S. E. 605); *Henderson* v. *Lott,* 163 *Ga.* 326, 335 (136 S. E. 403). In *Williams* v. *Fouché,* 157 *Ga.* 227 (121 S. E. 217); it was held that a party seeking rescission on account of fraud must not only restore or offer to restore what he has received, but must do so before entering his suit. In the opinion it was said: "The party who is charged with the fraud should be given an opportunity to redress the wrong before being subjected to a suit for rescission. He might be willing, without suit, to give back to the complaining party what he received under the contract, and to take back from such party what the latter received from him thereunder. This would end the controversy and save litigation."

While the case of *Interstate Bond Co.* v. *Cullars,* 189 *Ga.* 283 (5 S. E. 2d, 756), did not involve fraud, an observation there made is pertinent here, to wit, that the maxim under consideration is one of the oldest principles in equity jurisprudence, and has been referred to as the golden rule of equity, being similar to another golden rule: "All things whatsoever ye would that men should do to you, do ye even so to them; for this is the law and the prophets." In the same decision attention was also called to the statement by Judge Bleckley in *Barnes* v. *Mays,* 88 *Ga.* 696, 698 (16 S. E. 67): "The general morality of the law is higher than many good people suppose. . . The standard it has in view is not merely conscience, but enlightened conscience." In *Columbian National Life Insurance Co.* v. *Mulkey,* 146 *Ga.* 267 (91 S. E.

106), the party defrauded was not seeking equitable relief. The action was at law, and the alleged fraud was asserted merely as a *legal* defense.

Notwithstanding what has been said as to necessity of tender as a general rule, even in cases of fraud, it may be observed further that the amount which we are saying the plaintiffs here should have tendered (or as to which they should have alleged sufficient reason for failure to tender) did not represent any money or thing which the defendants or any of them had advanced in a fraududent transaction, but it was the principal and interest of an honest debt owed by the testatrix, for which the security deed was given. While neither of the plaintiffs had received any part of this sum, they are yet claiming as devisees under the will of such debtor, and are necessarily standing in her shoes. The rule as to doing equity by tendering the principal and interest of the debt is binding upon them to the same extent as it would have bound the testatrix, Mrs. Brownlee, if she had remained in life and had been confronted with the same alleged misconduct on the part of the defendants. *Atlanta Banking &c. Co.* v. *Johnson,* 179 *Ga.* 313 (175 S. E. 904, 95 A. L. R. 1436) ; *Cooper* v. *Peevy,* 185 *Ga.* 805, 808 (196 S. E. 705). This statement does not conflict with the decision in *DeVaughn* v. *Griffith,* 149 *Ga.* 697 (101 S. E. 794), where heirs at law sued to set aside an administrator's sale as void, on the ground that the attorney for the administrator had become the purchaser. This court, in holding that the plaintiffs were not required to refund to the attorney the amount of the purchase-price paid by him, for the reason that it did not appear that they had received any part of such purchase-money, was referring, of course, to distribution to the heirs at law. If as such heirs at law they had received any part of the funds, seemingly they would have ratified the sale and would then have been estopped to attack it, or at least in such event they should have made a tender. Here the testatrix as debtor did receive the money, or owed the debt, for which the security deed was executed. The amount of this debt is all that we are holding the plaintiffs should have paid or tendered. Whether the petition was otherwise sufficient need not be decided. The court did not err in sustaining the general demurrers and in dismissing the action as to the demurrants.

*Judgment affirmed.   All the Justices concur.*