WYNNDAM COURT APARTMENT COMPANY INC. *v.*
FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION
OF ATLANTA *et al.*

No. 16429. NOVEMBER 17, 1948.

502

*Poole, Pearce & Hall, Margaret Hills, James A. Branch,* and *Thomas B. Branch Jr.,* for plaintiff.

*Grant, Wiggins, Grizzard & Smith, William G. Grant, Tye, Thomson, Tye & Edmondson, T. M. Smith,* and *MacDougald, Troutman, Sams & Branch,* for defendants.

CANDLER, Justice. (After stating the foregoing facts.) It is stated in the brief for the plaintiff in error that this case, in its final analysis, presents but two questions, namely: (1) Are the allegations of the amended petition sufficient to show the plaintiff's right to recover possession of the described premises from the defendants, and to have them account for the rents, issues, and profits received therefrom; and (2) is the plaintiff's right to redeem barred by lapse of time under the Code, § 67-115?

We deal first with the sufficiency of the amended petition to show redemption of the plaintiff's title. Unless this is shown, all other issues in the case necessarily become moot. As shown by our statement of facts, the present suit was filed ten years and some months after the premises sought to be recovered were voluntarily admitted into the possession of the plaintiff's grantee for the purpose of applying the rents, issues, and profits arising therefrom to the payment of the secured debt then in default. In the meantime, so far as the record discloses, there was no recognition by any one of the plaintiff's right to redeem.

Our Code, § 67-115, declares: "If the possession of the property shall be given to the mortgagee, the mortgagor may redeem at any time within ten years from the last recognition by the

mortgagee of such right of redemption." The plaintiff in error insists that this section has no application to a case where the grantee in a security deed is admitted into possession of the conveyed property by his grantor, as was done in the present case. This contention is without merit. That the grantee in a security deed is a "mortgagee" within the meaning of this section of the Code, is well settled by the decisions of this court. *Polhill* v. *Brown*, 84 *Ga.* 338 (10 S. E. 921); *Gunter* v. *Smith*, 113 *Ga.* 18 (38 S. E. 374); *Coates* v. *Jones*, 142 *Ga.* 237 (82 S. E. 649); *Royal* v. *Edinburgh-American Land &c. Co.*, 143 *Ga.* 347 (85 S. E. 190); *Benedict* v. *Gammon Theological Seminary*, 122 *Ga.* 412 (50 S. E. 162); *Hirsch* v. *Northwestern Mutual Life Ins. Co.*, 191 *Ga.* 524 (13 S. E. 2d, 165). In the *Benedict* case, supra, where the grantee in a security deed was in possession under a void sheriff's deed, this court said: "If the seminary were in possession legally, as mortgagee in possession, Benedict would have ten years in which to redeem; or to remain silent for that length of time in order to ascertain if the rents and profits received by the seminary would equal the amount of the debt, in which event the land would become his again by operation of law, and he could compel the seminary to make him the title."

It will be conceded that, where title to realty passes under a security deed, redemption can be accomplished only by payment in full of the secured debt. *Ashley* v. *Cook*, 109 *Ga.* 653 (35 S. E. 89); *Shumate* v. *McLendon*, 120 *Ga.* 396 (48 S. E. 10). And where the possession of property so pledged has been recovered in ejectment for the purpose of applying the rents and profits to the payment of the secured debt, or the same has been voluntarily given over to the grantee for such purpose, as here, title is not redeemed until the net profits received therefrom are sufficient in amount to pay the secured debt in full. *Kirkpatrick* v. *Faw*, 184 *Ga.* 170, 177 (190 S. E. 566); Powell, Actions for Land (Revised edition), 463, § 386. In *Gunter* v. *Smith*, supra, the court said: "If the grantee in a security deed goes into possession of the land thereby conveyed under no other claim than such a deed, he is in possession simply for the purpose of applying the rents, issues and profits to the satisfaction of his debt; and when the net amount received by him from the proceeds of the land is equal to or greater than the amount of his debt, his right of pos-

session ceases, and the grantor, or his legal representatives, and, if none, his heirs may bring an action to recover the land." Therefore it seems clear to us that the purpose of § 67-115 of the Code was to fix a limitation of time upon the right of a mortgagor to redeem his title for land when the mortgagee is legally in possession of it, and it has no reference to the mortgagor's right to recover possession of mortgaged premises where title was redeemed during the ten-year period by actual payment of the secured debt or by operation of law through an application of the rents, issues, and profits thereto, since there is in this State no statute of limitations applicable to an action for the recovery of land. *Pollard* v. *Tait*, 38 *Ga.* 439; *Gunter* v. *Smith*, supra. Since payment of the secured debt in full during the ten-year redemption period was a condition precedent to the plaintiff's right to bring the present suit, it was necessary for the pleader to allege that as a fact, positively and unequivocally.

Concerning payment, as our statement of facts shows, it is alleged generally that the plaintiff has more than repaid the secured debt, but respecting this the petition contains these further allegations: "Should, on an accounting, it develop that said debt has not been fully paid, petitioner stands ready to pay any balance that may be due." And "petitioner says that in the event that there should be any balance due on said property so that it is not entitled to the return of said property in kind at this time, then petitioner is entitled to have the court declare the rights of the various parties hereto in the premises. And the petition contains prayers which show that the pleader is not certain that the secured debt has been fully paid. Properly construed, the allegations of the petition respecting payment of the secured debt are in the alternative. One alleges payment of the secured debt in full; the other, that the plaintiff is ready to pay any balance of the secured debt found due on an accounting. One shows redemption; the other does not. For purposes of demurrer, the petition must therefore be treated as pleading no more than the latter, because it must be construed most strongly against the pleader. Code, § 81-301; *Baggett* v. *Edwards*, 126 *Ga.* 463 (55 S. E. 250); *Holbrook* v. *Norcross*, 121 *Ga.* 319 (48 S. E. 922); *Fraser* v. *Smith & Kelly Co.*, 136 *Ga.* 18 (2) (70 S. E. 792); *Central of Georgia Ry. Co.* v. *Tapley*, 145 *Ga.* 792 (3) (89

S. E. 841); *Doyal* v. *Russell,* 183 *Ga.* 518, 534 (189 S. E. 32); 49 C. J. 97, § 91; 21 R. C. L. 451, § 15. In the *Baggett* case, supra, this court said: "Where pleadings do not make distinct and positive allegations, but are ambiguous or couched in alternative expressions, on demurrer they will be given that construction which is most unfavorable to the pleader." And again in *Doyal* v. *Russell,* supra, the court ruled: "Where any one of several averments alleged in the alternative is insufficient, the entire pleading is rendered bad. In other words, where two matters are pleaded in the disjunctive, one of which is good and the other not, the petition is treated as pleading no more than the latter, because it must be construed most strongly against the pleader [citations omitted]. In such a case the defect may be reached by general demurrer; whereas if both alternatives are good in substance, the petition might be subject to special demurrer for duplicity, but would not be subject to general demurrer. *Gainesville & Dahlonega Ry. Co.* v. *Austin,* 122 *Ga.* 823 (50 S. E. 983); *Central of Georgia Ry. Co.* v. *Banks,* 128 *Ga.* 785 (58 S. E. 352); *Harris* v. *Wilcox,* 7 *Ga. App.* 121 (66 S. E. 380)."

Since the petition in the instant case, when properly construed, does not unequivocally allege full payment of the secured debt during the redemption period, it fails to state a cause of action and the court did not err in dismissing it on demurrer for that reason.

The ruling here made is not in conflict with that announced in *Coates* v. *Jones,* supra, cited and strongly relied upon by the plaintiff in error. The facts there were different. In the first place, Jones was not legally in possession of the premises there involved like the defendants are in the present case, but had possession under a void sheriff's sale. And in the next place, the grantor there, unlike the plaintiff here, had a bond for title from her grantee, which contained an obligation to reconvey the premises in controversy upon the payment of the secured debt. Her right to have a reconveyance of the pledged property was fixed by the terms of the bond for title, and suit was there brought to compel compliance with its terms and within the limitation period of such an instrument, to wit, twenty years.

What we now hold with reference to the sufficiency of the petition to state a cause of action becomes the law of this case. *Brock*

v. *Brock,* 104 *Ga.* 10 (30 S. E. 424) ; *Palmer* v. *Jackson,* 188 *Ga.* 336 (4 S. E. 2d, 28). And that being true, a reversal of the judgment complained of would permit the plaintiff in the instant case to redeem its title for the premises involved on the trial, and after an expiration of the redemption period, by then paying any balance due on the secured debt; thereby wholly defeating the provisions of § 67-115 of the Code.

It therefore necessarily follows from what we have said above that the court did not err in sustaining the demurrers and dismissing the plaintiff's case.

*Judgment affirmed. All the Justices concur.*